SHULL *v.* STATE TAX COMMISSION

John B. Whitty, Coos Bay, argued the cause for plaintiff. On the brief were McKeown, Newhouse & Johansen, and John B. Whitty, Coos Bay.

Alfred B. Thomas, Assistant Attorney General, Salem, argued the cause for defendant. On the brief were Robert Y. Thornton, Attorney General, and Alfred B. Thomas.

Decision for defendant rendered October 28, 1963.

PETER M. GUNNAR, Judge.

This is a suit to set aside the State Tax Commission's Opinion and Order No. I-63-17, in which the commission determined that an exchange of a two and one-half year, timber contract for a dairy farm was not an ORS 316.281 tax-free exchange and assessed income tax thereon against plaintiffs for the calendar year 1961.

In March, 1960, plaintiffs sold their farm in Coos County, Oregon, to their son and his wife, reserving to themselves for a period of five years all timber on the land, with the right to remove it and the right of ingress and egress for that purpose. In April, 1961, plaintiffs transferred to certain third persons two and a half years of their reserved timber interest in exchange for a dairy farm in Coos County.

On their 1961 state income tax return plaintiffs treated this exchange as tax free under ORS 316.281, the pertinent language of which is:

"(1) No gain or loss shall be recognized if property held for productive use in trade or business or for investment * * * is exchanged solely for property of like kind to be held either for productive use in trade or business or for investment."

The commission denied tax-free treatment to the exchange, both upon audit and after a formal hearing, on the ground that the properties were not of "like kind." Plaintiffs then brought this suit to set aside the commission's determination and additional tax assessment. The commission demurs to their complaint for the reason that it does not state facts sufficient to constitute a cause of suit. Because the demurrer does not test whether either of the exchanged properties was held for productive use in trade or business or for investment, the sole question here is whether the respective properties are of "like kind." It is this demurrer which now is before the court.

■■ ORS 316.281 was copied from a comparable federal statute.[1] Since our Supreme Court has not yet construed ORS 316.281, federal decisions interpreting the comparable federal statute are of considerable persuasion. *Ruth Realty Co. v. Tax Commission*, 222 Or 290, 294, 353 P2d 524 (1960). In addition, longstanding federal and state regulations interpreting the respective statutes are entitled to substantial weight. *Pac. Supply Coop. v. State Tax Com.*, 224 Or 556, 560, 356 P2d 939 (1960); *Jarvie v. Commission*, 1 OTR 1, 8 (1962).

■ Despite the availability of these extrinsic construction aids, the definitive outer boundaries of the

---

[1] ORS 316.281 and the defendant's regulations under it were borrowed substantially verbatim from what now is 1954 IRC § 1031(a). This provision first came into the federal code with the Revenue Act of 1921. In Oregon, it was adopted as § 13(a) of the corporation excise tax law of 1929, but did not appear in the personal income tax statutes until 1939. Oregon Laws 1939, ch 488, § 8. From 1935 until 1939, individuals apparently had the advantage of this provision without statutory mandate through the action of the commission in the adoption of its regulation Article 78.

statutory words of art "of like kind" are very difficult to establish and have not been judicially determined under either state or federal law. The multitude of factual possibilities make it almost impossible to delineate by general rule the exact point at which properties cease to be of "like kind."

■ The commission's regulation, Reg 6.281(1),[®] and its substantially identical federal counterpart, try to turn the distinction upon similarity in "nature or character but not necessarily in grade or quality." In explaining this nebulous concept, they say that improved real estate is of like kind with unimproved real estate, that city realty is of like kind with farm realty, and that a long term (30 year) lease is of like kind with a fee title in real estate.

■ The federal courts have determined that per-

---

[®] Reg 6.281(1). Exchanges Solely in Kind; Property Held for Productive Use in Trade or Business or for Investment. Properties of like kind are similar in nature or character but not necessarily in grade or quality. This provision does not relate to an exchange of one kind of property for property of a different kind. The fact that any real estate involved is improved or unimproved is not material, for such fact relates only to the grade or quality of the property and not to its kind. Unproductive real estate held by one other than a dealer for future use or future realization of the increment in value is held for investment and not primarily for sale.

Newly acquired property, if tangible, must have a situs in Oregon for entitlement to deferral of tax recognition of gain. ORS 314.290.

No gain or loss is recognized if (a) a taxpayer exchanges property held for productive use in his trade or business, together with cash, for other property of like kind for the same use, such as a truck for a new truck or a passenger automobile for a new passenger automobile to be used for a like purpose; (b) a taxpayer who is not a dealer in real estate exchanges city real estate (investment property) for a ranch or farm, or a leasehold of a fee with thirty years or more to run for real estate, or improved real estate for unimproved real estate; or (c) a taxpayer exchanges investment property and cash for investment property of a like kind.

sonal property is not of like kind with real property. *Oregon Lumber Co.,* 20 TC 192 (1953). On the other hand, the United States Supreme Court refused to apply the converse of that rule and has held that real property is not necessarily of like kind with other real property merely because of its technical real, as opposed to personal, nature. *Commissioner v. Lake,* 356 US 260, 78 S Ct 691, 2 L ed 2d 743 (1958).

Relying upon substantially the same authorities, plaintiffs contend, in well-argued briefs, that both the timber interest and the dairy farm are real property and the timber interest is of like kind with a fee title in the dairy farm; while defendant argues that the timber right is personalty and therefore not of like kind with the dairy farm, or in the alternative, even if the timber right is realty, it still is not of like kind with the dairy farm.

■ The question of the real versus personal nature of a contractual right to standing timber is determined by recent Oregon cases, which have held that such right is personalty only if the holder of the right is required by his contract to cut the timber immediately or within a reasonable time. *Paullus v. Yarbrough,* 219 Or 611, 637, 347 P2d 620 (1960), and the cases therein cited. Neither plaintiffs' reservation nor the timber deed given by plaintiffs in the exchange at issue require the holder to cut the timber. However, the practical realities of the case are that the person receiving the timber right has given valuable consideration for that right upon which he cannot realize without cutting the timber, and the right is of such short duration, two and one-half years, that he will have to cut the timber promptly. See *Paullus v. Yarbrough, supra* at 637. But for *Paullus v. Yarbrough,* this court would

hold that the instant contractual right in standing timber is personal property and therefore clearly not of like kind, not of like nature and character, with the fee interest in the dairy farm for which it was exchanged. However, under the mechanistic rule of *Paullus v. Yarbrough, supra,* the timber right conveyed by plaintiffs is real property because the contract itself does not require the timber to be cut.

■ Yet a holding that the two interests exchanged are real property does not dispose of the like-kind issue. *Commissioner v. Lake, supra.* It merely complicates it beyond all reasonable necessity. Under this circumstance the defendant urges this court to find that the instant timber interest is analogous to the Fleming oil payment in *Commissioner v. Lake, supra.* But the two are not analogous. An oil payment is a right to receive a specific sum of money. A right to remove standing timber is more analogous to a working interest in an oil well than to an oil payment. [See definitions of various oil interests in footnote 1, *Commissioner v. Lake, supra.*] The applicable part of the *Lake* case held that, regardless of its nature as realty, an oil payment was, in reality, nothing more than an assignment of future income and that its exchange for real estate was merely an arrangement for delayed cash payment for that real estate. The instant interest in timber is not a mere assignment of income, but is the ownership of the standing timber for a limited period and the right to remove that timber and perfect title to it, all of which requires the holder to engage in active business operations in order to earn any income. Thus, the *Lake* case, which depended upon denominating one of the two real property interests an assignment of income, cannot be relied upon here.

■ Instead, we must go back to the rational basis for the statute. The "underlying assumption of these exceptions [to taxability] is that the new property is substantially a continuation of the old investment still unliquidated." Former federal regulations § 39.112 (a)-1, quoted with approval in *Commissioner v. Lake, supra*. There is no taxable event in a like kind exchange because there has been no substantial change in the property. On the other hand, when the new investment received in exchange cannot be considered, in the practical sense, a mere continuation of the old investment, then the properties are not of like kind and the exchange is a taxable event.

■ The only case considering whether a right to cut standing timber is a continuation of a fee in land is *Oregon Lumber Co., supra,* in which the cutting contract required that the timber be removed. This U. S. Tax Court decision held the timber right to be personal property under the Oregon cases and therefore not of like kind with realty. As an alternative holding, the court considered the likeness of the two interests without reference to their nature as real or personal property and concluded that, had it found them both to be real property, it would have held, nonetheless, that they were not of like kind.

"* * * It is our conclusion that the right to cut and remove standing timber is so intrinsically different from a fee in land that an exchange of one for the other is not an exchange of like property within section 112(b)(1). The right to cut and remove is transient and depends upon the affirmative action of the holder of that right. The fee is permanent and depends only upon the original grant. The right to cut and remove timber is more in the nature of utilization of land; the fee is

ownership of the land itself. * * *" *Oregon Lumber Co., supra* at pp. 197-198.

The Tax Court of the United States is saying, in effect, that it would not be controlled by the mere form of the transaction, but rather that it would consider the substance determinative.

This court is in full agreement that the law should look beyond the form to the substance of the transaction.

"* * * The incidence of taxation depends upon the substance of a transaction. * * * To permit the true nature of a transaction to be disguised by mere formalisms, * * * would seriously impair the effective administration of the tax policies of [the legislative branch of government.]" *Commissioner of Int. Rev. v. Court Holding Co.*, 324 US 331, 334, 65 S Ct 707, 89 L ed 981, 985 (1944).

The tax law must recognize the practical effect of transactions, if its application is to have any rational relationship to the economic realities upon which it is imposed and the fiscal objects of government which it is to serve. The form of a transaction alone should not subject one man to tax when another in the same economic position is tax free because of the mere difference of the form in which the economically identical transactions are cast.

There is no practical difference between the timber interest in the *Oregon Lumber Co.* case, *supra,* and the timber interest in this case. In both cases the right is to cut and remove timber, the transferee gave valuable consideration for that right, and the economic realities of the transaction will cause the transferee to remove the timber within a reasonable time after receiving that right. The only difference is one of

form. In the Oregon Lumber Co. contract there was an express requirement that the timber be removed, while no such express covenant exists here. In both cases the practicalities of the situation assure that the timber will be removed promptly. To say that these two cutting rights are not substantially identical because of their formal difference is an absurdity. To say that one of them is not of like kind with a fee in land while the other one is of like kind, because of their formal difference, likewise is an absurdity.

At first, the postponement of the plaintiffs' capital recovery by this transfer of an asset soon to be liquidated in exchange for a fee title which may never be liquidated might appear to justify a postponement of the taxable event. But the postponement of capital liquidation is not the basis for the postponement of a tax upon an exchange. If it were, the great burden of federal and state taxation would quickly reduce us to a barter economy. An exchange of like kind properties is tax free because the new asset is so similar to the old asset that it is a mere continuation of it. The instant difference in the time of likely liquidation points up the dissimilarity of the properties exchanged, thereby defeating, rather than promoting, the claim to tax exemption.

The *Oregon Lumber Co.* decision, *supra,* is correct in holding that the properties exchanged were not of like kind, not only because those properties were real and personal, respectively, but also because the right to cut and remove timber was not "substantially a continuation of the old investment [a fee in timber lands] still unliquidated." An even greater difference exists in this case between the right to cut and remove timber and a dairy farm. Clearly, a dairy farm is

not "substantially a continuation of" the two and a half year right to cut and remove timber "still unliquidated," and therefore they are not of like kind.

Thus, this court finds that the plaintiffs are not entitled to exemption from taxation under ORS 316.281 because the timber interest they exchanged is not of like kind with the dairy farm which they received. It reaches this conclusion regardless of whether the timber interest is personalty, which this court thinks it is, or realty, which it appears to be under earlier cases. To find to the contrary would exalt form over substance, would deny the essential practicality of the tax law, and would violate the mandate to construe tax exemptions strictly in protection of the public fisc.

An order sustaining the defendant's demurrer shall be entered herein under the rules.