## PRENTICE v. STATE TAX COMMISSION

Morris J. Galen, Moe M. Tonkon, Tonkon & Galen, Portland, submitted briefs for plaintiff.

Walter J. Apley, Assistant Attorney General, Salem, submitted a brief for defendant.

Decision rendered for defendant October 5, 1965.

EDWARD H. HOWELL, Judge.

The above cases, presenting identical facts and issues, have been consolidated for decision. They arise out of a deficiency assessment by defendant on income from short term trusts.

The plaintiffs, David, Thomas and Robert Prentice, executed individual but identical trust agreements conveying certain stock to their respective wives in trust for their minor children. David, Thomas and Robert will be called the grantors, their wives, the trustees, and their respective minor children, the beneficiaries.

The trusts, which were for a term of ten years and one month, provided that the income was to be "accumulated" during the term for the minor children and paid to them upon termination of the trusts. The principal also was to be paid back to the grantors at the end of the trusts. The income and corpus could be used for the children under certain restrictions hereinafter mentioned. All of the income was reinvested in various stocks.

The defendant tax commission contends the income from the trusts is taxable to the grantors under the provisions of ORS 316.835, which provides in part:

"(1) There shall be included in computing the net income of the grantor of a trust, that part of the income of the trust which:

"* * * * *

"(b) May, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor.

"* * * * *"

The above statute is substantially the same as § 167 of the Internal Revenue Code of 1939. The latter statute was interpreted by the United States Supreme

Court in *Helvering v. Stuart,* 317 US 154, 63 S Ct 140, 87 L Ed 154, 42-2 USTC 9750 (1942). In that case the trust had been created by the father with himself, his wife and brother as trustees, and his minor children as beneficiaries. The trustees were directed to pay the beneficiaries, or apply for their benefit, so much of the net income of the trust for the education, support and maintenance of the beneficiaries as the trustees deemed advisable.

In this respect the trust was similar to the trusts in this case. Here the trusts provided for the income to be used for the support, maintenance and education of the minor children in the discretion of the trustees.[1] In addition, the corpus of the trusts, in the discretion of the trustees, could be used for the benefit of the beneficiaries in "any emergency" arising "by reason of sickness, accident or other unusual circumstances."

In the *Stuart* case the United States Supreme Court, after holding that the grantor-father owed a parental obligation to support his minor beneficiaries, stated:

> "* * * We are dealing with a trust for minors where the trustees, without any interest adverse to the grantor, have authority to devote so much of the net income as 'to them shall seem advisable' to the 'education, support and maintenance' of the minor. The applicable statute says, 'Where any part of the income * * * may * * * be distributed to the grantor * * * then such part * * * shall be included in computing the net income of the grantor.' Under such provision the possibility of the use of the income to relieve the grantor, pro tanto, of his parental obligation is

---

[1] The trust provided that the income should be so used only in cases of emergency but the emergency clause did not limit the discretion of the trustees.

sufficient to bring the entire income of these trusts for minors within the rule of attribution  *  *  *."

The court held that the entire income from the trust, whether used for the benefit of the beneficiaries or not, was taxable to the grantor.

■ While the decisions of the federal court are not controlling on this court, they are persuasive. *Ruth Realty Co. v. Tax Commission*, 222 Or 290, 294, 353 P2d 524 (1960); *Shull v. Commission*, 1 OTR 445 (1963).

■ The applicable statutes, ORS 316.835, *supra*, and § 167 of the Internal Revenue Code of 1939, declared that the income was taxable to the grantor if (1) it may be distributed to the grantor (2) in the discretion of a person not having an adverse interest in the disposition of the trust income.

■ In both the instant case and the *Stuart* case it was discretionary with the trustees to use the trust income for the beneficiaries. While the income was not used for the beneficiaries in this case, under the *Stuart* decision it was sufficient if it were merely possible to do so and thus relieve the parent-grantor of the obligation of support.

■ There appears to be another reason under the Oregon statute why the income would be taxable to the grantors. The statute requires a substantial adverse interest upon the part of the trustee. It would seem to be beyond argument here that the mother-trustees of the trusts for their minor children would not be persons having a substantial adverse interest in the disposition of the trust income.[2]

The plaintiffs argue that the *Stuart* case was a

---

[2] For a definition of "adverse party" under the present federal law, see § 672 of the Internal Revenue Code for 1954.

misinterpretation of § 167 of the Internal Revenue Code for 1939. It is true that the Board of Tax Appeals at the time of the *Stuart* decision had been taxing the grantors of short term trusts for the support of minors only on the amounts actually expended and not on what it was possible for the trustees to spend. It is also true that the *Stuart* decision has been criticized. See CCH ¶ 3749.1821. It is also true that after the *Stuart* decision Congress amended the Internal Revenue Code in 1943 by enacting subsection (c) to § 167 of the 1939 Code (now § 677(b) of the 1954 Code) to tax the grantor on only those sums actually expended for the beneficiaries.

■ However, the Oregon statute, ORS 316.835, *supra,* has remained substantially the same since its enactment in 1939. Under this statute if the trustees are not adverse parties (and the mothers are not) and if the income *may* be distributed to what amounts to a benefit to the grantors (relieving them of their parental obligation to support as held in the *Stuart* case) then the income is taxable to the grantors.

In the absence of legislation comparable to § 677(b) of the Internal Revenue Code for 1954 the entire trust income in these cases is taxable to the plaintiffs.