## FRANK L. AND ISABEL M. HALL v.
## STATE TAX COMMISSION

William B. Wyllie, Salem, Oregon, represented plaintiffs.

Walter J. Apley, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision for defendant rendered August 9, 1967.

EDWARD H. HOWELL, Judge.

The issue in this case is whether the income from a family trust should be taxed to the grantors as the tax commission decided or to the trust.

In March, 1963, the plaintiffs established a trust for the benefit of their two minor children and conveyed certain real property to the trustee, the Pioneer Trust Company. The trust was to continue for ten years

and five days or until the death of the last survivor of the two children.

The pertinent section of the trust instrument stated:

"(2) The Trustee *shall use and spend the net income of the trust for the benefit of and may in its sole discretion pay such net income directly to Trustor's children Katherine Grace Hall and Margaret Mary Hall,* or either of them, *in such manner and proportions and amounts and at such intervals as the Trustee in its sole discretion shall deem to be in the best interests of said children or either of them under the then existing circumstances, and without regard to any principal or equality of distribution.* In exercising its discretion Trustors direct that the Trustee shall consider the needs of such child including particularly the child's needs for a higher education. The provisions of this paragraph shall not be construed as requiring the payment or use of all the net income derived from this Trust, if at any time the Trustee shall not deem such use advisable or necessary under the then existing circumstances. If the net income shall, at any time, be insufficient the Trustee shall use principal to the extent necessary to carry out the purposes of this trust." (Emphasis supplied.)

■ The parties agree that the controlling statute in this case is ORS 316.835 which states in part:

"(1) There shall be included in computing the net income of the grantor of a trust, that part of the income of the trust which:

"* * * * *

"(b) May, in the discretion of the grantor or of any person not having a substantial adverse

interest in the disposition of such part of the income, be distributed to the grantor.

"* * * * * *"

The parties have stipulated that the trustee does not have such a substantial adverse interest.

■ This case falls squarely within the rule enunciated in *Helvering v. Stuart,* 317 US 154, 63 S Ct 140, 87 L Ed 154, 29 AFTR 1209, 42-2 USTC ¶ 9750 (1942), and *Prentice v. Commission,* 2 OTR 215 (1965). Where the income from a family trust is used, or may be used, to relieve the grantors' parental obligation to support their children, such income is taxable to the grantors.

■ The above provision of the trust gives the trustee broad powers and discretion in using the income "in the best interests of said children." The plaintiffs' argument that the grantors have supported the children is not material. The fact is that the trust instrument clearly gives the trustee the *right* to apply the trust income for the support of the grantors' children. As the U. S. Supreme Court stated in the *Stuart* case, *supra,* "the possibility of the use of the income to relieve the grantor, pro tanto, of his parental obligation" to support the children is sufficient to make the trust income taxable to the grantors.

The order of the tax commission is affirmed.