Argued January 8, reargued April 10, affirmed April 16,
petition for rehearing denied May 15, 1969

# LATOURETTE, *Appellant, v.* STATE TAX COMMISSION, *Respondent.*

453 P2d 431

*Jacques B. Nichols,* Portland, argued the cause for appellant. With him on the briefs were William E. Scarborough, Jr., and Pattullo, Gleason & Hinson, Portland.

*Gerald F. Bartz,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Presiding Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

The appellant is trustee of the Earl C. Latourette Trust. He appeals from a decision of the Oregon Tax Court (*Latourette v. Commission,* 3 OTR Adv Sh 127 (1967)) which held that the trust, and not the individ-

ual grantors who established it, must pay state income tax on gains realized on sales of property in the trust corpus.

Earl C. Latourette died in 1956. His estate was obligated to pay a lump sum plus monthly sums to his former wife, Ruth. His will provided that his widow, Eleanor, should receive a monthly payment for life or until remarriage. The remainder of the estate was left to Mr. Latourette's three children in equal shares.

In order to close the estate as soon as practicable the three children entered into a trust agreement by which they transferred all their interest in the estate to the son, Earl C. Latourette, Jr., as trustee, to pay the obligations of the estate, including those to the widow and the former wife. The trust instrument also provided that the trustee would pay himself and his two sisters, as grantors of the trust, proportionate shares of the net income, as calculated in annual accountings. Net income was defined in the instrument to mean "net operating income less payments to Eleanor Latourette and Ruth S. Latourette."

The trust was to continue until all claims had been paid, including those of Eleanor and Ruth. On termination all remaining assets of the trust were to be distributed to the three children in equal shares.

In 1962 the trustee sold property which was part of the corpus of the trust, realizing a gain, and reported the gain not as income to the trust, but as income to the grantors. Other similar gains were realized in 1963 and 1964, and they were treated in the same manner. The Tax Commission has taken the position that the trust is taxable on these gains.

■ ORS 316.830 provides that trust income will be taxable to the grantor in the following situation:

"Where the power to revest title to any part of the corpus of the trust in the grantor is at any time vested:

"(1) In the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom ° ° °."

The question in this case, as the Tax Court saw it, is whether the grantors had a power to revest title in themselves within the meaning of ORS 316.830.

The Tax Court relied on *Helvering v. Wood,* 309 US 344, 60 S Ct 551, 84 L ed 796, 23 AFTR 1074, 40-1 USTC Paragraph 9266 (1940), and held that the grantors did not retain a power to revoke or revest in themselves title to any portion of the trust, and that the income was therefore taxable to the trust, not to the grantors. Explaining its ruling, the Tax Court said:

"° ° ° It is true that [The Earl C. Latourette Trust] contained a provision that after the claims of Eleanor and Ruth had been satisfied the assets remaining would revert to Earl Jr., Jeanne and Anne, the three children of the decedent. However, a power to revest or revoke is not the same as a reversion. The power to revest or revoke is generally discretionary with the grantor; a reversion is the residue left in the grantors after the determination of a particular estate."

In *Wood* the United States Supreme Court held that the words of § 166 (now § 676) of the Internal Revenue Code (the federal counterpart of ORS 316.830) indicate an intent to treat a reversion differently from a power to revoke. The court said:

"* * * A power to revest or revoke may in

economic fact be the equivalent of a reversion. But at least in the law of estates they are by no means synonymous. For, generally speaking, the power to revest or to revoke an existing estate is discretionary with the donor; a reversion is the residue left in the grantor on determination of a particular estate. * * * Congress seems to have drawn § 166 with that distinction in mind, for mere reversions are not specifically mentioned. Whether as a matter of policy such nice distinctions should be perpetuated in a tax law by selecting one type of trust but not the other for special treatment is not for us * * *." 309 US at 347.

The court in *Wood* relied on legislative history which convinced it that Congress had specifically considered and rejected language which would have been necessary to provide the same treatment for reversions and powers to revoke.

■ The Oregon Code Revision of 1953 re-enacted OCLA 110-1606(7) as ORS 316.830, substantially unchanged. The legislature had the decision in *Wood* at hand to indicate the meaning of the federal section after which the Oregon statute was patterned. The Tax Court concluded from this history that the legislature intended to import into Oregon law the practice of distinguishing between reversions and powers to revoke in this area of the application of the tax laws to trusts. We agree with this conclusion.

In support of his claim of error in the Tax Court's decision the trustee has offered four separate theories:

(1) The grantors retained and exercised control over the income of the trust, and under ORS 316.835 any gain is therefore taxable to them.

(2) The grantors created the trust to satisfy obligations they had toward Ruth S. Latourette and

Eleanor Latourette, and under Regulation 316.835 promulgated by the Tax Commission this fact would make realized gain taxable to the grantors.

(3) Oregon Tax Regulation 316.830 prescribes a set of standards for determining whether a grantor has "power to revest title to any part of the corpus of the trust in the grantor" within the meaning of ORS 316.830. These standards suggest that the Oregon Tax Commission has taken a position contrary to *Wood*, and indicate that the grantors in this case have the power the Regulation describes.

■ (4) Regardless of the restrictions imposed on the handling of trust property by the trust instrument, in fact the trustee treated the corpus of the trust as if the grantors continuously had owned it. Trustee contends this fact, and not the trust instrument, should control.

ORS 316.835 provides:

"There shall be included in computing the net income of the grantor of a trust, that part of the income of the trust which:

"(a) Is, or, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, may be held or accumulated for future distribution to the grantor.

"(b) May, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor."

Trustee's argument with regard to this section relies on a meaning of "income" different from that the statute contemplates. Reading ORS 316.835 together with ORS 316.830 we think it is clear that the "income" of ORS 316.835 does not include gains which,

under the trust instrument and Oregon law, are allocable to corpus. The instrument creating the trust contains no provision directing that gains from the sale of corpus be allocated to income, and it does not place in the trustee power to make such an allocation. The Uniform Principal and Income Act, ORS 129.030, provides:

"\* \* \* [A]ll receipts of money or other property paid or delivered as a refund or replacement or change in form of principal shall be deemed principal unless otherwise expressly provided in this chapter. \* \* \* Any profit or loss resulting upon any change in form of principal shall inure to or fall upon the principal."

The gain realized in the sales brought in question in this action were allocable to corpus. The distribution to the grantors was not one which by ORS 316.835 rendered the gain taxable to them.

The discussion above of ORS 316.835 makes it clear that trustee's second argument cannot succeed. Since the gain produced not income, but principal, ORS 316.835 does not apply. Trustee's second argument contains yet another flaw. Regulation 316.835 suggests that a grantor will be taxable when "trust income is applied in satisfaction of a legal obligation of the grantor, such as an obligation to pay a debt, to support dependents, or to pay insurance premiums \* \* \*." Trustee contends that the trust was created to satisfy debts of the grantors to Ruth Latourette and Eleanor Latourette. Actually the trust was established to satisfy obligations of the estate. The grantors were not personally indebted to Ruth Latourette and Eleanor Latourette, and we do not think that acquiescence of Ruth and Eleanor in the trust plan altered this fact. All five persons had claims against

the estate, the claims of Ruth and Eleanor being prior to those of the children. In order to bring the case under Regulation 316.835 the debt would have had to be due from the children to Ruth and Eleanor.

Trustee's third argument attacks the Tax Court's ruling that ORS 316.830 must be read consistently with the United States Supreme Court's decision in *Helvering v. Wood,* supra. It is trustee's position that Regulation 316.830, promulgated by the Oregon Tax Commission, has committed the Tax Commission to a contrary construction of the statute. The Regulation is broad and discursive. There is language in it which seems to take in both reversions and powers to revoke. But that broad language is limited by the following language in the first paragraph of the Regulation:

"ORS 316.830 defines with particularity instances in which the grantor is regarded as in substance the owner of the corpus by reason of the fact that he has retained power to *revest* it in himself. * * * If the title to the corpus will *revest* in the grantor upon the exercise of such power, the income of the trust is attributed and taxable to the grantor * * *." (Emphasis supplied.)

The balance of the Regulation contains ambiguities, but they do not affect our application of the Regulation to this case, for the entire Regulation is limited by the quoted language. Furthermore, the taxpayer has not offered any evidence of a commission interpretation contrary to the construction put upon the statute and Regulation by the Tax Court.

■ Finally, the trustee has argued that he has treated the trust property as if he and the other grantors had owned it all along, and that this fact

should override the provisions of the trust instrument in determining the status of the trust for tax purposes. We will not look behind the trust instrument in a case like this one. To do so would encourage parties to trusts to violate the terms of the trust. There may be other circumstances where we will look at the behavior of the parties when they have gained a tax benefit under a trust arrangement.

Affirmed.