## LAWRENCE J. and LOIS M. COHEN *v.*
## DEPARTMENT OF REVENUE

Justin N. Reinhardt, Attorney at Law, Portland, represented plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, represented defendant.

Decision on demurrer for plaintiff rendered January 12, 1971.

CARLISLE B. ROBERTS, Judge.

The plaintiffs appeal from the Department of Revenue's Order No. I-69-61, requiring the plaintiffs to pay additional personal income taxes for the tax years 1965, 1966 and 1967. The question presented is whether the income from trusts established by the plaintiffs,

one trust for each one of their three daughters, should be taxed to the plaintiffs or to the trust.

In 1956, the plaintiffs, husband and wife, executed three separate written declarations of trust, one each for the benefit of their three daughters, at that time aged 7 years, 6 years, and 4 years, respectively. The provisions of the trust instruments for each of the children are identical, except for the name of the child specifically designated as the primary beneficiary. The trust corpus consists of corporate shares. Items comprising the corpus are to be held 12 years from the date of transfer to the trustees or until the death of the beneficiary, whichever first occurs, and then to revert to the grantor-husband, if alive, or to the grantor-wife if the husband predeceases; a series of successors is listed, in the event of the wife's death. The income from the corpus is to be accumulated and kept segregated from the corpus and invested and reinvested. At age 21, the beneficiaries shall be paid from the accumulated income at the rate of $100 per month until distributed. The trust terminates after the corpus has reverted and all of the income has been distributed. The instrument contains a spendthrift clause and provides particularly that the trust is irrevocable, not subject to alteration or amendment, and may not be prematurely terminated. It is to be construed in accordance with the laws of Oregon.

The husband and wife, as trustees, are given all the powers conferred by law, specifically to hold, manage, control, sell, dispose, lease the trust property, to create restrictions thereon and to compromise claims, to invest principal sums and income under the "prudent investor" rule, to exercise the powers of an owner, subject to fiduciary obligations of trust-

ees, but trust property can be disposed of only upon receipt of adequate consideration.

The trust provision which is particularly significant in the present case is:

"3. Until the beneficiary reaches the age of twenty-one (21) years, all the net income of this trust, after deducting necessary expenses of administration, shall be accumulated, invested and reinvested for the beneficiary; provided, however, that if the circumstances of the parents of the beneficiary shall have changed so that at any time before she attains the age of 21 years they are unable to provide for her support, education or welfare in accordance with their present circumstances, all or any part of such net income, current and accumulated, and, after that has been exhausted, all or any part of the corpus of this trust, may be applied to the use of the beneficiary to the extent deemed necessary or desirable to provide for her support, education and welfare in a manner comparable to her present standard of living. Whether the facts justify application of income or corpus to the use of the beneficiary under the foregoing provisions of this paragraph 3 and if so, whether and to what extent such income or corpus or both shall be so applied, shall be determined by the trustees acting in their capacity as such trustees, and the discretion herein conferred upon them as such trustees shall not be exercised in such a manner as to relieve any person legally liable for and financially able to supply the beneficiary's support, maintenance and education of his or her liability therefor."

The Department of Revenue concluded that the trust came within the provisions of ORS 316.835(1)(a), which reads as follows:

"(1) There shall be included in computing the

net income of the grantor of a trust, that part of the income of the trust which:

"(a) Is, or, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, may be held or accumulated for future distribution to the grantor."

It was the conclusion of the Director of the Department of Revenue that provision for the support of the children under the terms of the trusts caused the income of the trusts to be attributed to the grantors because of the rule set down in *Prentice v. Commission*, 2 OTR 215 (1965). In that case the Oregon Tax Court held that the income from short-term trusts is taxable to grantors when the trust instrument provides that income and corpus of the trust may be used for the benefit of minor beneficiaries in the discretion of the trustees who, being parents-grantors, are nonadverse parties who may be relieved of their obligation to support the minor. See also *Hall v. Commission*, 3 OTR 100 (1967). These cases hold that the mere possibility of the use of trust funds to relieve the parent-trustor in some measure of his parental obligation to support the child is all that is necessary to charge the parent with the total income of the trust. It was the opinion of the Director that the fact that the Cohen trusts preclude the use of trust income for the benefit of the particular daughter unless the trustee is "unable to provide for her support" (¶ 3, *supra*) is not a sufficient restriction to take the trusts outside the rule of the *Prentice* or *Hall* cases. The Director found it unnecessary to construe the provision of the trusts that "the discretion herein conferred upon them as such trustees shall not be exercised in such a manner as to relieve any person legally liable for and financially able

to supply the beneficiary's support, maintenance and education of his or her liability therefor."

The Director relied only on ORS 316.835(1) (a), stating:

"* * * In view of my decision here I need not decide whether the nature of the trust including its term is of such short duration as to conclude that the settlors have not effectively parted with the beneficial interest in the trust properties and thus cause a grantor's trust to result within the meaning of ORS 316.830."

However, when the defendant Department of Revenue demurred to the complaint, this latter proposition was also argued in support of the demurrer.

The parties have agreed that the demurrer is "decisive" under Rule 16 of the Rules of the Oregon Tax Court, precluding further pleading, whatever may be the order of the court.

Tax practitioners and the courts have long recognized that the trust (like the wholly owned corporation) is a facile instrument for tax planning purposes. For a recent example, see *Audano et al v. U.S.*, 428 F2d 251 (5th Cir 1970), 70-2 USTC ¶ 9486, 26 AFTR2d 70-5266, *rev'g* 301 F Supp 839 (ND Tex 1969), 69-1 USTC ¶ 9354, 23 AFTR2d 69-1020. Consequently, trusts have been the subject of much litigation and at an early date it was held that the provisions of the Internal Revenue Code relating to the taxation of trusts, fiduciaries and beneficiaries were not intended to apply to cases where the income of the trust would remain, by virtue of the nature and purpose of the trust, attributable to the creator of the trust and, accordingly, taxable to him. "These provisions have appropriate reference to cases where the income of the trust is no longer to be regarded as that of

the settlor, and we find no warrant for a construction which would preclude the laying of the tax against the one who through the discharge of his obligation enjoys the benefit of the income as though he had personally received it." *Douglas v. Willcuts*, 296 US 1, 10, 56 S Ct 63, 80 L Ed 3, 9 (1935). The "short-term trust" has been particularly suspect and the defendant, in its demurrer, has cited the landmark case, *Helvering v. Clifford*, 309 US 331, 60 S Ct 554, 84 L Ed 788 (1940).

As stated by Rabkin & Johnson, "Federal Income, Gift and Estate Taxation," § 58.01:

"Three factors were considered by the court in the *Clifford* case: (1) the trust was to last for only five years; (2) the grantor's wife was the beneficiary; and (3) the grantor designated himself as trustee, and reserved broad powers of management over the trust property and discretionary power over distributions. The court noted 'that no one fact is normally decisive but that all considerations and circumstances of the kind we have mentioned are relevant to the question of ownership.' Upon the facts in that case the court said, 'we have at best a temporary reallocation of income within an intimate family group. Since the income remains in the family and since the husband retains control over the investment, he has rather complete assurance that the trust will not effect any substantial change in his economic position. It is hard to imagine that the respondent felt himself the poorer after this trust had been executed or, if he did, that it had any rational foundation in fact. For as a result of the terms of the trust and the intimacy of the familial relationship respondent retained the substance of full enjoyment of all the rights which previously he had in the property.'"

The court then found that the income of the trust should be reportable by the grantor-husband under

IRC § 22(a) (which is basically the same as ORS 316.105, defining gross income).

However, the Cohen trusts differ substantially from the *Clifford* trust, not only in the substantially longer term of years but in items giving a substantially greater restriction on the trustees than is found in *Clifford*. For example, in the *Clifford* trust, the trustee's payments of income to the wife were wholly in the husband-grantor-trustee's discretion, whereas in the Cohen trusts the income is to be held, invested and reinvested until the beneficiary reaches the age of 21 years; in the *Clifford* trust, absolute discretion was given to the trustee to set the price upon the sale of the trust corpus, whereas in the Cohen trusts the trustees must obtain "full consideration in money or money's worth"; in *Clifford*, the trustee was entitled to invest without restriction as to rate of return or as to the specific nature of the investment, whereas in Cohen the "prudent man" rule must be observed; in *Clifford*, the extra cash dividends, sales of subscription rights, stock dividends and the like, at the trustee's discretion, were to be treated as principal rather than income, whereas in the Cohen trusts the distinction between principal and interest is to be determined by ORS chapter 129 (and is thus more generous as to "income"). In addition, in the Cohen trusts, the trustees cannot borrow from the trusts and the trusts are not subject to revision or revocation. Since the Cohen trusts are not subject to revocation, there is no power retained to revest title to any part of the corpus of the trusts in the grantors, and therefore ORS 316.830 is not applicable. (Distinction, of course, is made between the provision for reversion of the corpus, which is found in the Cohen trusts, with the

exercise of a power to revest. This distinction was made in *Helvering v. Wood*, 309 US 344, 60 S Ct 551, 84 L Ed 796 (1940), and in *Latourette v. Tax Commission*, 253 Or 298, 453 P2d 431 (1969).)

The court concludes that defendant's argument in support of its demurrer, relying upon *Helvering v. Clifford*, and arguing for setting aside the trust "due to the retention of control of the corpus, [and] its possibility of revesting in plaintiffs," is not well founded. The term of the trust is not significant if coupled with a sufficient divestment by the grantor.

Another area of extensive litigation in the courts has been the "maintenance trust" or "support trust" in which the trust income is not distributable to or accumulated for the grantor himself but, instead, is payable in discharge of the grantor-parent's obligation to support his minor child. In the earlier federal cases, prior to 1942, it was held that the income of an ordinary trust of which the grantor's minor children were beneficiaries so far as not actually used to discharge the parental duty of support, was not taxable to the settlor. 6 Mertens, Law of Federal Income Taxation, § 37.47 (see citations under note 74). In *Helvering v. Stuart*, 317 US 154, 63 S Ct 140, 87 L Ed 154 (1942), the Supreme Court held that if the income of the trust could be used for the care and maintenance of minor children, all income thus useable, whether or not so used, was taxable to the parent-grantor. In that case the trust income was useable for education, support and maintenance of the grantor's minor children in the discretion of the trustees (who were the grantor himself, his wife and a brother), but the facts showed that actually only a small part of the income was employed for such purposes. In other words, the Supreme

Court held that the power of the grantor to apply the income for the support of his dependents was determinative of taxability under the then-existing provisions of § 167 of the 1939 Code (comparable to ORS 316.835). "Even prior to the 1943 [federal] amendments, it was generally recognized that where income of a trust was actually used for the support, education, and maintenance of a grantor's minor children, the trust income was taxable to the grantor (assuming, of course, that the support, education, and maintenance represented an obligation of the grantor)." 6 Mertens, *supra*, § 37.47 (see citations under note 85).

The *Stuart* case represents an interpretation of the federal income tax law by the U.S. Supreme Court prior to 1943, when the federal law was similar to the Oregon law prior to 1969, and is the basis for two Oregon Tax Court decisions, *Prentice v. Commission*, 2 OTR 215 (1965), and *Hall v. Commission*, 3 OTR 100 (1967), relied upon by the defendant in support of its demurrer.

Following the *Stuart* decision, the problem of the treatment of support trusts was considered in connection with the 1943 Revenue Bill and the Congress amended § 167 of the 1939 Internal Revenue Code with the express intent to restore the principles enunciated by the pre-Stuart decisions and rulings. IRC (1939), § 167, as amended by § 134, 1943 Revenue Act, was expanded to include a new subsection (c) which provides that the income of a trust shall not be considered taxable to the grantor "merely because such income, in the discretion of another person, the trustee, or the grantor acting as trustee or cotrustee, may be applied or distributed for the support or maintenance of a beneficiary whom the grantor is legally obligated

to support or maintain, except to the extent that such income is so applied or distributed. * * *" Because of this statute, the parties hereto agree that the Cohen trusts are acceptable for tax purposes under the federal law and will be acceptable under the revised Oregon law beginning January 1, 1969. However, the Oregon legislature never adopted the federal amendment (now found in the Internal Revenue Code as § 677(b)) and it would follow that the rule in *Helvering v. Stuart, supra,* would control in Oregon as to the cases where it was formerly applicable for federal purposes. (Where an Oregon statute has been copied from federal law, the interpretation given the federal act by the federal courts is persuasive. *Prentice v. Commission, supra,* 218.) However, the plaintiffs have contended that the Cohen trusts were also valid under Oregon law during the tax years 1965 to 1967, here in dispute, because of the nature and limitations on the parents' duty to support a minor child. After study, the court agrees with this contention for the following reasons:

■ No one questions the duty of the parent to support his minor child, but this duty is a limited one dependent upon the ability of the father and of the mother. This duty to support the offspring is a continuing obligation. *State v. Langford,* 90 Or 251, 176 P 197 (1918). On page 260 of the Oregon case, it is stated:

> "When we say that it is the legal duty of a parent to support his child, we are dealing with a duty in the abstract; but when called upon to determine whether the duty has been performed in a given case we must remember that what would be a complete performance in one case might be only a partial performance of the parental duty in an-

other case. In other words, the obligation of the father must be measured with reference to his ability, honestly exercised, and with regard to his financial resources. * * *"

Again, on page 266:

"* * * The defendant is not required to do the impossible (*Poole v. People*, 24 Colo 510 (52 Pac 1025 * * *); but to employ language approved in *State v. McPherson*, 72 Wash 371 (130 Pac 481 * * *), it is the duty of the father 'to do the best he can' to support his child 'in the manner suitable to his station and circumstances.'"

Holding this well-established rule of law in mind, careful examination of the Cohen trusts leads to the conclusion that the trusts cannot become a substitute source of income to offset the parental duty, even in the case of a contingency. Note that paragraph 3 of each trust provides:

"* * * that if the circumstances of the parents of the beneficiary shall have changed so that at any time before she attains the age of 21 years they are *unable to provide* for her support, education or welfare *in accordance with their present circumstances*, all or any part of such net income * * * may be applied to the use of the beneficiary to the extent deemed necessary or desirable to provide for her support, education and welfare in a manner comparable to her present standard of living. Whether the facts justify application of income or corpus to the use of the beneficiary under the foregoing provisions of this paragraph 3 and if so, whether and to what extent such income or corpus or both shall be so applied, shall be determined *by the trustees acting in their capacity as such trustees,* and the discretion herein conferred upon them as such trustees shall not be exercised in such a manner as to relieve any person legally liable for and *financially able* to supply the beneficiary's sup-

port, maintenance and education of his or her liability therefor." (Emphasis added.)

It is quite evident that the trusts are not designed primarily for the support of the minors (and, in fact, have never been used for that purpose); they are intended to accumulate income for the benefit of each minor, to be paid only after she reaches the age of 21 years. See *Hamiel's Est. v. Comm.*, 253 F2d 787 (6th Cir 1958), 1 AFTR2d 1501. (For comparison of a case where the grantor is required to pay tax, see *Gordon M. Mather*, 5 TC 1001 (1945).) The present case is similar to *Lawrence D. Buhl*, 1944 P-H Tax Ct Memo Dec 44,383, where, under the facts peculiar to that case, the court concluded (p 44-1372):

> "* * * Here the only contingency involved is the disappearance of petitioner's capacity to support his dependents, a development we are unable to say covers 'practically any happening adverse' to his interest. And in that event payments would not be made to petitioner for his own account nor would they defray any of his obligations since, as petitioner points out, his obligation would then have disappeared. * * *"

It is clear that, in the present case, the duty of the parents to support the minors is clearly recognized by the trusts and no trust resources can be utilized as a substitute for the parents' pocketbook. So long as they are able, they must pay the child's necessary expenses. Only payments for the child's benefit which clearly exceed the parents' capabilities can be supplied from the trust.

*Prentice v. Commission*, 2 OTR 215 (1965), and *Hall v. Commission*, 3 OTR 100 (1967), cited by the defendant, are easily distinguished under the facts of the Cohen trusts because, in those two cases, the dis-

cretion given the trustee to expend income to meet the needs of the minor children was not limited to those needs in excess of the parents' capabilities to supply.

▇ The court recognizes that such a rule imposes an onerous duty upon the Department of Revenue to police each family trust for tax purposes, to the extent practicable. The defendant is required to recognize, as does the court, that trusts have been made taxable entities by legislative direction (following the federal pattern first found in the Federal Revenue Act of 1916, ch 463, § 2(a)(b), 39 Stat 756). A trust provision cannot be nullified by the assertion by the taxing authority of a broad rule which fails to fit the facts. A suspicion of the parent-trustee's intentions must be accompanied by recognition that the utmost good faith is required of a trustee in the administration of his trust. "When the specific purpose or purposes of the settlor can be ascertained, the trustee's choice of action, if it is to constitute a reasonable judgment, must be within the limits set by the settlor's purpose. * * *" *Rowe v. Rowe*, 219 Or 599, 606, 347 P2d 968 (1959). The Oregon Supreme Court in *Waterbury v. Nicol et al.*, 207 Or 595, 296 P2d 487, 298 P2d 211 (1956), at p 606, quoted Chief Justice Cardozo:

> " 'Many forms of conduct permissible in a workaday world for those acting at arm's length, are forbidden to those bound by fiduciary ties. A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior. As to this there has developed a tradition that is unbending and inveterate. * * *' "

See *Commissioner v. Katz*, 139 F2d 107 (7th Cir 1943), 31 AFTR 1008, see also *Hall v. Commissioner*, 150 F2d

304 (10th Cir 1945), 33 AFTR 1529, 166 ALR 1302, where the court observed that while the technical niceties of the law of trusts may be ignored in determining to whom the income of a trust is taxable, effect must be given to Congressional recognition of trusts as separate taxable entities unless a contrary conclusion is fully justified by the realities of the particular case.

The defendant's Opinion and Order No. I-69-61, dated December 18, 1969, must be vacated and set aside and the tax returns for the tax years 1965, 1966 and 1967 of Lawrence J. Cohen and Lois M. Cohen, husband and wife, must be accepted as filed. The demurrer of the defendant is overruled and plaintiffs are awarded their costs.