## MELVIN C. and BETTY J. SHELLEY *v.* DEPARTMENT OF REVENUE

W. F. Schroeder, Schroeder, Denning & Hutchens, Vale, Oregon, represented plaintiffs.

Alfred B. Thomas, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision for plaintiffs rendered June 2, 1971.

CARLISLE B. ROBERTS, Judge.

The plaintiffs appeal from the Department of Revenue's Order No. I-69-60, requiring them to pay additional personal income taxes for the years 1965 and 1966. The question presented is whether the income of trusts established by the plaintiffs in June

1964, for the benefit of three minor children, should be taxed to the plaintiffs or to the trusts.

As to each beneficiary, the trust agreement (Plaintiffs' Exhibit 2, pp 10, 13, 16) provides:

> "The Trustee shall, during the term of the trust, and until he shall attain the age of legal majority, distribute to or for the benefit of [the named beneficiary] * * * such amounts out of the net income of the * * * Trust as the Trustee shall from time to time determine, in the exercise of his sole discretion, as necessary or desirable for the education, advancement in life, and support of said beneficiary, and said distributions of net income shall be so made at such time or times as the Trustee shall decide. * * *"

ORS 316.835 provides, in part:

> "(1) There shall be included in computing the net income of the grantor of a trust, that part of the income of the trust which:
> "* * * * * *
> "(b) May, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor."

Under the rule of *Prentice v. Commission,* 2 OTR 215 (1965), and *Hall v. Commission,* 3 OTR 100 (1967), supported by *Helvering v. Stuart,* 317 US 154, 63 S Ct 140, 87 L Ed 154 (1942), relied upon by the defendant, where the income from a family trust is used, or may be used, to relieve the grantors' parental obligations to support their children, such income is taxable to the grantors.

The plaintiffs recognize and accept the principle of the cases cited but protest that the trust, during the years in question, had little income which could be distributed to the beneficiaries and therefore the

rule of the *Prentice* and the *Hall* cases, *supra,* should not be applied to the whole amount of income on which the trust was required to pay income taxes. Further, they contend that the trustee had a "substantial adverse interest" in the disposition of the trust income which would render ORS 316.835 inapplicable in any event.

In proof of their position, the plaintiffs submitted the following facts, which are undisputed:

In 1964, Melvin C. Shelley was one of 15 partners in a copartnership engaged in an extensive logging and lumbering operation. The partnership had substantial long-range indebtedness and, to guarantee repayment according to plan, the partnership agreement provided that the partnership interests were not alienable without the unanimous consent of the partners. Partnership income was to be used first to pay loans and taxes. Mr. and Mrs. Shelley desired to create an irrevocable trust for the benefit of their four children (three of whom were minors), consisting of one-half of their partnership interest in the partnership's capital account as of May 31, 1964, one-half of their interest in the undivided assets of the partnership on June 1, 1964, and one-half of their interest in the earnings and profits of the partnership on and after June 1, 1964. Pursuant to provisions in the partnership agreement (Plaintiffs' Exhibit 1), drafted for such a contingency, they obtained from the other partners the necessary approval for granting this interest in trust, subject to the condition that the trustee must be bound by all of the provisions of the partnership agreement. Under the agreement, the trustee thereupon became a partner in the business, fully bound by the articles. Consequently, he could not liquidate the partnership interest without the consent of the other partners, including the trustor.

Substantial amounts of money were withheld by the partners to meet debts and operating expenses and the partnership agreement provided that "no partner shall be entitled to withdraw any part of his share of the accumulated earnings or profits of the partnership except at such time or times, and in such amount or amounts as shall be mutually agreed upon by a majority vote of all the members of the partnership," except for money necessary to pay income taxes on each partner's share of partnership income. The trustor thus had no right to call for a distribution of money, nor did the trustee. Except for money paid to satisfy income tax obligations of the trusts, the only money paid during 1965 to the three trusts for the minor children was $1,685.06 and the only money paid during 1966 to all three trusts was $7,086.06. The plaintiffs asserted that nothing more than these amounts, if any, should be subject to the *Prentice* rule. As a matter of fact, no sums whatsoever were paid by the trust to the beneficiaries, by way of support or otherwise.

The court finds for the plaintiffs, based on the following reasoning:

1. In this case, the trust agreement and the partnership agreement must be read *in pari materia* because each instrument was drafted in contemplation of the other, and they sanction interrelationship of trust and partnership. A trustee may be a partner. See 6 Mertens, *Law of Federal Income Taxation,* § 35.21.

2. The trustee, as a partner, is required to pay federal and state income taxes upon the trust's share of partnership net income, whether distributed to and received by the partner-trustee or not. IRC, Reg. § 1.702-1(a); ORS 316.200. The trustee, in a fiduciary relationship both to the partnership and to the trust (his whole duty being determined by the two instru-

ments), could not lawfully use moneys for support of the minor children when the funds were distributed to the trust for agreed use in payment of federal and state income taxes. Note that ORS 316.835 recognizes that there may be a segregation of income, part of which can be attributed to the trustor under the *Prentice* rule, while another part would be regarded solely as trust income.

3. Plaintiffs conceded that the trust received income during 1965 in the sum of $1,685.06 and in 1966 in the sum of $7,086.06 which was not earmarked for payment of income taxes. They contend that the trustee, by reason of his status as a partner, must be regarded as having a "substantial adverse interest" in the disposition of this income as against the trustor and consequently ORS 316.835 is not applicable to the trust, it being patent under the trust instrument that the grantor has retained no discretion in himself as to the use of the trust income.

The trustee, in the present case, does not have "a substantial adverse interest" in the disposition of the income. *Loeb v. Commissioner,* 113 F2d 664 (2d Cir., 1940), 25 AFTR 443, *cert den* 311 US 710, 61 S Ct 316, 85 L Ed 461; *Morton v. Commissioner,* 109 F2d 47 (7th Cir, 1940), 24 AFTR 188; *Georgia B. Lonsdale,* 42 BTA 847 (1940).

As stated in Mertens, *supra,* § 37.03:

"An 'adverse party' is a person possessing a substantial beneficial interest in the trust which would be adversely affected by the exercise or nonexercise of the power which he possesses with respect to the trust. It is important to note that there must be a *substantial* beneficial interest for qualification as an adverse party. * * * However, the bare legal

interest of a trustee is not regarded as a substantial beneficial interest so that a trustee *qua* trustee does not qualify as an adverse party."

■ While it may be argued that the trustee in the present instance, as a partner, has a "substantial adverse interest" in the disposition of the income, in the court's view the better interpretation is that the powers and duties of the trustee, even when functioning as a partner, are so closely connected to the trusteeship that he cannot be regarded as having a "substantial beneficial interest" in any other guise.

■ However, the court concludes that the case must turn on a separate provision of the trust instrument, not hitherto referred to, found on page 25 thereof, entitled "IV. Limitations on Powers of Trustee." This provision prohibits the trustee and trustor or any other person to purchase, exchange or otherwise deal with or dispose of all or any part of the principal or income of the trust for less than an adequate consideration, or to enable the trustor to borrow therefrom without adequate interest or security, and closes with the following sentence:

"* * * No part of the principal or income of a trust estate shall be used for or applied to the payment of premiums upon policies of insurance on the life of Trustor or *to satisfy any legal obligations of the Trustor*." (Emphasis supplied.)

The defendant has contended that the provisions of the trust agreement, found on pages 10, 13 and 16, to allow the trustee to "distribute to or for the benefit of [the named beneficiary] * * * such amounts out of the net income of the * * * Trust as the Trustee shall from time to time determine, in the exercise of his sole discretion, as necessary or desirable for the edu-

cation, advancement in life, and support of said beneficiary * * *," make the trusts subject to the *Prentice* and to the *Hall* decisions. A reading of the instrument as a whole leads to the conclusion that the intent of the trust is not to support the infant during his minority but to make regular payments of income to him after reaching his majority. As stated by Mr. Justice ROSSMAN in the case of *In re Edwards' Estate,* 153 Or 696, 699, 58 P2d 243 (1936): "It is elementary that in determining a donor's intent the entire document creating the trust must be construed." See also *Williams v. Morris,* 144 Or 620, 625, 25 P2d 135 (1933) and *Crown Company v. Cohn,* 88 Or 642, 655, 172 P 804 (1918). The material quoted from section IV of the trust, above, appears to be contradictory to the provision for support. Reading the trust instrument as a whole, to avoid contradiction and to give each word its meaning, brings the question under the rule enunciated in *Cohen v. Dept. of Rev.,* 4 OTR 270 (1971). That is, the trustor-parent has the duty to support his minor children so far as he is able and the only contribution to support which could lawfully be made by the trustee would be that which is in excess of the parent's capabilities. As has been said, no payments of any sort have been made by the trustee to a beneficiary in the years in question.

Following this rule, the defendant's order No. I-69-60 must be set aside and held for naught. The plaintiffs are entitled to costs.

Defendant's pretrial memorandum and argument, suggesting attribution of income through possible sale of interests in the trust corpus, have been noted, but the argument is too speculative and remote to be considered.