Argued July 10; reversed October 6, 1931

LENT *v.* TITLE & TRUST CO. OF PORTLAND

(3 P. (2d) 755)

*W. L. Mulvey* and *Wm. Hammond,* both of Oregon City, for appellant.

*Isham N. Smith,* of Portland (Butler & Jack, of Oregon City, on the brief), for respondent.

BELT, J. This is an appeal from an order directing the defendant Title & Trust Company of Portland, Oregon, as trustee, to pay $1,000 to the plaintiff, a beneficiary under the will of his mother. The will, so far as it pertains to the payment of money to the plaintiff, is as follows:

"SIXTH: * * * after my estate is fully probated, as by law required, and after the expenses of administration and my just debts are paid, he (the executor) shall turn the residue of my estate remaining in his hands over to the Title and Trust Company, a corporation, organized and existing under the laws of the state of Oregon, and having its principal office in the city of Portland, Oregon, in trust, nevertheless for the use and benefit of my son, Harold Wiley Lent, and said trust company shall invest all or part of said trust estate in securities as permitted for the investment of trust funds under the laws of the state of Oregon, and the interest derived therefrom shall be paid by said trust company to my said son, until he reaches the age of twenty-one years, provided, however, that should my said son desire to remain in school and learn a trade or profession, then and in such event, if the interest is insufficient to provide for his expense, tuition, etc., while attending said school, then he shall be paid from the principal of said trust funds an amount not to exceed twenty ($20) dollars per month. At the time my said son reaches the age of twenty-five years, I direct that said trust company shall pay over to him from said trust funds the sum of twenty-five hundred ($2,500) dollars in cash. Thereafter my said son shall receive no more funds from my estate until he reaches the age of thirty (30) years, at which time I direct said trust

company to turn over to him the balance of funds remaining in its hands, and terminate said trust, and provided further, that should my said son, before he reaches the age of thirty (30) years, become permanently disabled from any cause whatsoever, then and in such event, I direct that said trust company pay to him each month a reasonable amount which will be sufficient to properly maintain him while said disability continues, and at his death, should any funds remain with said trust company, I order and direct that the same, and the whole thereof, shall be paid over, share and share alike, to my brother and sister hereinbefore named.

"SEVENTH: I further direct my said executor, during the time of the probating of my estate, that he shall properly provide the necessities of life for my said son, Harold Wiley Lent, the same as if he were his own child, and should the said Harold Wiley Lent attain the age of thirty (30) years before my estate is fully settled and closed by my executor hereinafter named, then and in such event he will not be required to turn over to the said trust company the residue of my estate remaining in his hands, but that he shall turn the same, and the whole thereof, over to the said Harold Wiley Lent."

In accordance with the terms of the will, the executor, on May 16, 1928, turned over to the defendant trustee for the use and benefit of Harold Wiley Lent, the sum of $8,344.71. The estate was fully probated and the final order was entered on June 4, 1928.

In November, 1930, the plaintiff, who was then 22 years of age, filed a petition in the circuit court of the state of Oregon for Clackamas county (probate department) requesting the court to direct the trustee to pay to him, pursuant to clause 6 of the will, the sum of $2,500. In the petition it is averred, among other things: (a) That plaintiff is married and has

a wife and child dependent upon him for support; (b) that plaintiff's financial circumstances are such that it is imperative that he have said sum to support his wife and child; (c) that plaintiff is engaged as a laborer for the Hawley Pulp and Paper company at wages of $80 per month and that he has no other source of income; (d) that the salary earned is insufficient to meet family necessities; (e) that the contingent remaindermen named in the will have waived any right or interest in the $2,500 and have given their consent that it be paid to plaintiff; (f) that no third person has any interest in the fund and will not be affected by its payment to plaintiff. Plaintiff admits in his petition that he is not attending any school for the purpose of "learning a trade or profession" or otherwise. He also avers that the trustee has refused and failed to pay him any sum whatsoever since he has attained the age of 21 years.

Defendant demurred to the petition upon the grounds: (1) Court had no jurisdiction of the person, to wit, the Title and Trust Company; (2) court had no jurisdiction of the subject matter; (3) facts alleged do not constitute a cause of action. The demurrer was overruled and the defendant answered over setting up the provisions of the will and asserting that its retention of the $2,500 is in keeping with the intent and purpose of the testatrix as expressed in her will. The trustee also avers that since receiving the assets of the estate it has held and cared for the same as shown by a report marked exhibit A and made a part of the answer. An examination of the report discloses that the trustee has made loans and investments leaving on hand on November 13, 1930 only $128.19 in cash. In the prayer of the answer the trustee asks that the

petition be dismissed and that the court fix the attorney fees to be allowed for services rendered in such proceeding.

Defendant asserts that the "probate department" of the circuit court had no jurisdiction over the subject matter after the estate was closed. By virtue of section 28-608, Oregon Code 1930, the power and jurisdiction of county courts in probate matters has been conferred upon the circuit court in Clackamas county. The mere fact that plaintiff labeled his petition in the "probate department" did not prevent the circuit court from exercising equitable jurisdiction over the administration of the trust. Certainly defendant submitted to jurisdiction of the person when it made a general appearance and asked for affirmative relief.

The more vital question is whether a court of equity should hasten the enjoyment of a trust fund, in view of the plain provisions of the will. It is, undoubtedly, within the power of a testator who creates a trust fund to provide for the time and manner of its distribution. If the plan and scheme of the testator is lawful and violates no rule of public policy it is the duty of the trustee to carry out the provisions of the trust. In determining whether this son could compel the payment of the $2,500 prior to the time he had reached 25 years of age, we must look to the will. It is not the convenience of the beneficiary nor the benefit of the trustee that controls. If it is clear from the instrument creating the trust that the mother intended that $2,500 of the estate should not be distributed to her son until he had become 25 years of age, and she anticipated that such exigencies might arise, equity cannot grant relief: *Bennett v. Nashville Trust Co.*, 127 Tenn. 126 (153 S. W. 840, 46 L. R. A. (N. S.) 43,

Ann. Cas. 1914A, 1045) ; 2 R. C. L. 1379. Courts cannot substitute their judgment for that of the testator. The mere fact that plaintiff is the sole beneficiary does not relieve the trustee of the duty to administer the trust to the end that the will and purpose of the testatrix be accomplished: *Closset v. Burtchaell,* 112 Or. 585 (230 P. 554). The paramount question is: What was the intention of the testatrix respecting the execution of the trust, as gathered from an inspection of the will?

■ In most cases equity has directed the application of trust funds in order to provide for the care and maintenance of infant beneficiaries who may have become the victims of necessitous circumstances not foreseen by the creator of the trust (see note 39 A. L. R. 42). In the instant case the mother made ample provision for the maintenance and support of her son during his infancy. While the power of courts of equity to hasten enjoyment of a trust fund is most frequently exercised for the benefit of infants, it has also been exercised in other cases where the exigencies of the situation have seemed to demand it: *Pennington v. Metropolitan Museum of Art,* 65 N. J. Eq. 11 (55 Atl. 468).

This doctrine of necessity, however, has no application if it is clear from the will that the testator intended the trustee, in the management of the trust, to be limited and restricted to a certain plan of administration: *Pennington v. Metropolitan Museum of Art,* supra. Referring to the case of *Broadway National Bank v. Adams,* 133 Mass. 170 (43 Am. Rep. 504), the court in *Claflin v. Claflin,* 149 Mass. 19 (20 N. E. 454, 14 Am. St. Rep. 393, 3 L. R. A. 370), said:

"The decision * * * rests upon the doctrine that a testator has a right to dispose of his own property with such restrictions and limitations, not re-

pugnant to law as he sees fit, and that his intentions ought to be carried out unless they contravene some positive rule of law or are against public policy." Quoted with approval in *Shelton v. King,* 229 U. S. 90, (57 L. Ed. 1086, 33 S. Ct. 686).

Also see *Rhoads, Executor, v. Rhoads et al.,* 43 Ill. 239.

In the case of *Claflin v. Claflin,* supra, a trust was created with directions that the trustee pay to a son $10,000 when such beneficiary reached the age of 21 years, $10,000 at the age of 25 years, and the balance when he attained the age of 30 years. After the first payment of $10,000 was made to the son, suit was instituted to obtain the balance of the fund. The court held that the restriction as to time of payment was valid and, therefore, dismissed the bill. In that case no showing was made as to any exigency not foreseen by the testator. As the court stated:

"In the case at bar nothing has happened which the testator did not anticipate, and for which he has not made provision."

In *Shelton v. King,* supra, certain legacies were to be paid when the beneficiaries reached the age of 25 years. Resort was had to equity to compel the trustee to pay over to the legatees their respective shares prior to the time stipulated in the will. The court dismissed the bill holding that the trust was active and must continue until the time for payment arrived. We note, however, this significant language:

"There being in this case no ground for saying that there have arisen circumstances and conditions for which the testatrix made no provision, we may not control the trustee, if the postponement directed by the will does not offend against some principle of positive law or settled rule of public policy."

·. In other words, the court recognized the well settled rule that a court of equity will, under certain circumstances and conditions, hasten the enjoyment of a trust fund.

■ In the light of what has been said we turn to the will to ascertain the intent and purpose of the testatrix. Did she contemplate that the trust would be terminated in the event that her son became in need of money? Or did she anticipate that he might be obliged to pass through times of adversity? This mother, as evidenced by her will, was careful to protect her boy during his infancy. Provision was made for his continued care in case of permanent disability. Solicitous of his welfare, she also provided for his maintenance while attending school. But we think it apparent that she desired him to stand upon his own resources for a few years after he attained 21 years of age. Perhaps then he might better appreciate the value of money. That her judgment was good is shown by the record. $2,500 was advanced to the plaintiff before he reached his majority. It was frittered away in a bad investment. Plaintiff is not in destitute circumstances. While his salary is comparatively small, there is no likelihood that he and his family—as intimated in the brief of respondent—will be "thrown upon the county as indigents." He is in good health and we apprehend will be able to survive the storm.

The trustee was directed to invest "all or part" of the trust estate. Pursuant thereto and in keeping with his duties as trustee, investments were made. There was only $128.19 in cash at the time this suit was commenced. Yet this trustee was sued to turn over $2,500. In the matter of making investments, the

trustee was obliged to anticipate that the beneficiary might need money only while attending school or in the event he was permanently disabled.

We conclude that this is not a dry or passive trust and, therefore, can not at this time be terminated. The purpose of the testatrix has not been fully accomplished: *Shelton v. King* (U. S.), supra; *De Ladson v. Crawford,* 93 Conn. 402 (106 Atl. 326). It is the duty of the trustee to carry out the provisions of the will and to retain the $2,500 until the plaintiff attains the age of 25 years.

That part of the order of the circuit court directing the trustee to pay to the plaintiff the sum of $1,000 is reversed. The allowance of $50 for attorney fees is affirmed. Costs and disbursements shall be paid by the trust estate.

BEAN, C. J., BROWN and RAND, JJ., concur.