Argued November 4, 1966, reargued February 1, reversed and
remanded February 23, 1967

In the Matter of the Estate of
WILLIAM M. BRAY, Deceased
UNITED STATES NATIONAL BANK OF
OREGON et al, *Appellants, v.* STRAUB,
*Respondent.*

423 P. 2d 949

*Cleveland C. Cory,* Portland, argued and reargued the cause for appellant First National Bank, Oshkosh, Wisconsin. With him on the briefs were Campbell Richardson and Davies, Biggs, Strayer, Stoel and Boley, Portland, and Clarence A. Humble, Klamath Falls, for appellant United States National Bank of Oregon.

*Oliver I. Norville,* Special Assistant Attorney General, Portland, argued and reargued the cause for re-

spondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, LUSK and REDDING, Justices.

O'CONNELL, J.

This is an appeal from an order of the circuit court of Klamath County disallowing a charitable exemption under the Oregon inheritance tax law.

The present dispute arises out of the disposition made by the residuary clause of the will of William M. Bray. Under that clause testator's property was bequeathed to the First National Bank of Oshkosh in trust for the Oshkosh Foundation, a charitable organization. The trustee is a national banking association organized and operating in Wisconsin and is not itself a charitable organization.

The claim for exemption is based on ORS 118.020 (1) and (2) which provides:

"(1) Devises, bequests, legacies and gifts are exempt from taxation under the provisions of ORS 118.005 to 118.840, if made:

"(a) To any benevolent, charitable, religious, scientific or educational institution, society, association or corporation organized and existing within this state and actually engaged in carrying out the objects and purposes for which so organized or existing; or

"(b) To a corporation, association or society to be organized for such purposes under the laws of this state pursuant to the terms of the instrument providing such devise, bequest, legacy or gift; or

"(c) To a person or persons or association of persons in trust for benevolent, charitable, religious, scientific or educational uses within this state; or

"(d) To the State of Oregon or any political subdivision thereof.

"(2) Devises, bequests, legacies or gifts to any corporation, society, institution, person or persons or association of persons for benevolent, charitable, religious, scientific or educational purposes, organized, existing or operating under the laws of or within a state or territory of the United States (other than Oregon), are exempt from taxation under the provisions of ORS 118.005 to 118.840.

"(a) If at the date of decedent's death the laws of such state or territory did not impose a death tax of any character in respect to property transferred to such a corporation, society, institution, person or persons or association of persons organized, existing or operating under the laws of or within this state; or

"(b) If at the date of decedent's death the laws of such state or territory contained a reciprocal provision under which devises, bequests, legacies or gifts to such a corporation, society, institution, person or persons or association of persons organized, existing or operating under the laws of or within another state or territory were exempted from death taxes of every character providing such other state or territory allowed a similar exemption to such a corporation, society, institution, person or persons or association of persons organized, existing or operating under the laws of other states or territories."

The lower court held that the above provision does not allow a charitable exemption where the bequest is made to an out-of-state organization "in trust for" a charitable use rather than directly "to" a charitable organization. From this determination appellants appeal.

Respondent argues that the legislative history of ORS 118.020 (2) discloses a legislative intent to ex-

clude from the exemption gifts made to foreign transferees "in trust" for a charitable purpose. But this reliance on so-called legislative history is no more than speculation based upon the presence of the word "trust" in some instances and the absence of the word in other instances. Respondent has presented no reasons convincing to us to explain why the legislature, in providing for exemptions, would want to make a distinction between gifts made directly to out of state charities and gifts made in trust for such charities. If we have no explanation for making a rational distinction between transfers "to" and transfers "in trust" in permitting an exemption and we are driven to speculation, it would seem more reasonable to explain the deletion of the term "in trust" as an effort upon the part of a good draftsman to eliminate a redundancy from the statutes.[1]

Respondent also contends that the express language of ORS 118.020 (2) itself indicates a legislative intent to exclude gifts in trust for charitable uses outside this state. The gist of the contention is that subsection (1) of ORS 118.020 contains the language "in trust for" with respect to charitable trusts within this state, and subsection (2) does not, and that therefore it is to be assumed that the legislature intended to allow the exemption only when the charitable gift was made in trust within this state.

---

[1] We are not called upon here to re-examine the doctrine laid down in Schmitt v. State Tax Comm., 234 Or 455, 383 P2d 97 (1963). In that case the legislative history showed a clear intent to follow the federal tax statute with respect to certain provisions. Thus the failure to employ the federal statute's language—"for the use of"—was construed to be an intentional omission for the purpose of securing a different effect than under the federal statute. In the present case, however, there is no legislative history which could even give rise to the possibility of such an inference.

The language of ORS 118.020 does not require this construction. In fact, the manner in which the statute is worded lends support to appellants' contention that the legislature intended no distinction between direct gifts and gifts in trust.

It will be noted that subsection (2), which is in question in this case, includes in the exempt transfers a gift "to any  *  *  *  person  *  *  *  for benevolent, charitable, religious, scientific or educational purposes  *  *  *." Certainly a gift can be made to a "person" *in trust* for charitable purposes, but it is difficult to conceive of an *outright* gift to an individual for such purposes. Even assuming that one could make such an outright gift, we do not believe that the legislature intended it to be embraced in the exemption.

The simple explanation for the absence of the term "in trust" in subsection (2) is that there was no need to employ it. In subsection (1) a separate treatment of transfers "in trust" was necessary because, as explained above, a direct gift to a "person" or "persons" would not fall within the accepted notions of effective charitable gifts. When subsection (2) was drafted the same problem was not presented because the draftsman did not purport to describe the *charitable character* of the transferee—the various transferees (including all of the types listed in both subsections (1) (a) and (c)) were simply described in neutral terms as "any corporation,  *  *  *  person,  *  *  *" etc., and the charitable character of the transfer was described in terms of the purpose of the gift. Thus, both direct transfers to charitable organizations and transfers to non-charitable organizations and persons in trust for charitable purposes were included. To state the applicability of the exemption to both classes of transfers

in any other way would have required an unnecessarily complicated job of drafting the subsection.

The decree of the trial court is reversed and the cause is remanded with the direction to allow appellants' requested exemption.