Argued September 19, reversed and remanded October 28
reconsideraton denied December 4, appellant's motion to
dismiss petition for review allowed December 17, 1974

IN THE MATTER OF THE ESTATE OF ALFONSO MELONE,
DECEASED.

LEE ET AL, *Appellants, v.* MELONE ET AL
(No. 117-508), *Respondents.*

527 P2d 414

*Richard R. Carney,* Portland, argued the cause for appellants. With him on the briefs were Dorothy McCullough Lee and James D. Church, Portland.

*Raul Soto-Seelig,* Portland, argued the cause for respondents. With him on the brief were Rask & Soto-Seelig, Portland.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

FOLEY, J.

Petitioners Rudolpho J. Melone and Marco Melone requested the probate court under its equitable power to terminate a testamentary trust created by decedent Alfonso Melone. Petitioners alleged that the trust was a passive trust. They further alleged that all beneficiaries may join in terminating a passive trust and that they constituted all beneficiaries because they were beneficiaries not only of the life estate created

by the trust but also of the remainder of the trust. The personal representatives demurred to the amended petition to terminate the trust. They claimed that the amended petition did not state facts sufficient to constitute a cause of suit to terminate the trust. The demurrer was overruled and upon the personal representatives' failure to further plead within the time allowed, the probate court entered an order of default, judgment and decree. The personal representatives appeal from the resulting decree.

We start with the proposition that:

"It is a well established rule that where the purposes for which a trust has been created have been accomplished and all of the beneficiaries are *sui juris,* a court will, on the application of all the beneficiaries or of one possessing the entire beneficial interest declare a termination of the trust * * *." *Closset et al v. Burtchaell et al.,* 112 Or 585, 597, 230 P 554 (1924).

■ At the same time, where the purposes for which a valid trust has been created have not been accomplished, the trust ought not to be terminated by a court "either on the application of all the beneficiaries or of one possessing the entire beneficial interest" because "in such case the trustee does not hold the property on a simple, passive or dry trust, but on an active trust requiring the performance of duties * * *." 112 Or at 598. *See also Lent v. Title & Trust Co.,* 137 Or 511, 3 P2d 755 (1931).

■ The initial question before us is therefore whether the amended complaint alleges facts sufficient to support a conclusion that the trust is passive. For purposes of this appeal, the demurrer admits all facts that are well pleaded. *Turrini v. Gulick,* 16 Or App

167, 517 P2d 1230, Sup Ct *review denied* (1974);
*Kendall v. Curl et al,* 222 Or 329, 353 P2d 227
(1960). Omitting conclusory allegations of law in the
petition, the pertinent facts recited are as follows: Pe-
titioner Rudolpho J. Melone (hereinafter Rudolpho)
is the only child of the decedent, Alfonso Melone, and
petitioner Marco Melone (hereinafter Marco) is the
son of Rudolpho and sole grandchild of decedent. De-
cedent did not leave a widow. Decedent, by will,[1]
created a trust naming the United States National
Bank of Oregon as trustee and Madeline DiFabio and
Dorothy McCullough Lee as alternate trustees. The
trust res is expected to be in excess of $25,000. Under
the terms of the trust, the trustee is directed to
pay from the assets of the trust a sum *not to
exceed* $2,000 for the purpose of paying and defray-
ing a portion of the costs of the education of Marco.
The petition further alleges that the trustee is not
given any discretion as to when to pay the $2,000 for
the education of Marco nor is there a timetable for
the trustee to follow. The trustee is also directed to
pay Rudolpho the sum of $600 per year from the inter-
est and principal during Rudolpho's lifetime or until
the assets of the trust are exhausted. Thereafter, the
trustee is directed to pay the same amount to Marco
during Marco's lifetime or until the assets of the trust
estate are exhausted. The amended petition also al-
leges that if the trust res of $25,000 is deposited in a
time-deposit account at 8 percent, the interest per year
will be $2,000, or $1,200 in excess of the amount that
is to be distributed. The amended petition also alleges
that the cost of maintaining the trust may be from
$200 to $400 per year at the inception of the trust, and

---

[1] The will itself is not made a part of the pleadings.

the cost will increase at later years, but the sums paid to the beneficiaries will remain constant.

There is no date given for the termination of the trust. There are no successor beneficiaries named in the will and decedent did not dispose by will of the remainder of the trust.

Additionally, the petition alleges that the trust is not a spendthrift trust nor a trust created to provide for the maintenance and education of the beneficiary, and that the only known purpose of the trust is to provide Rudolpho first and then Marco with the sum of $600 per year during their lifetimes. (These allegations appear to contradict the earlier allegation that a sum not to exceed $2,000 was to be paid for the purpose of defraying a portion of the cost of the education of Marco.)

An active trust requires the interposition of the trustee to carry out the purposes of the trust, "the test being that, with respect to the control, protection, management, or disposition of the trust property, the trustee has imposed on him, expressly or by implication, some active and substantial duty to perform, or useful purpose to subserve * * *." 90 CJS 63, Trusts § 177. *See also* 89 CJS 730, Trusts § 17; 90 CJS 66, Trusts § 178; 54 Am Jur 30, Trusts § 13. In essence, "* * * the terms of the trust must require the trustee to do some positive act, the performance of which by the trustee as such is necessary to carry out the purpose of the settlor." Bogert, Trusts & Trustees 378-79, § 206 (2d ed 1965).

Here, viewing the allegations in a light most favorable to petitioners, the trustee has a duty to determine whether Marco is obtaining an education. If

such is the case, the trustee is to provide funds for that education up to the sum of $2,000. Even assuming that the trustee may have no discretion, as alleged, as to *when* payments in support of education should be made, the trustee has discretion and must determine whether the payments made are actually in support of Marco's education. There is no allegation in the petition that Marco has completed his education or that the purpose of providing funds for Marco's education has been accomplished.

Additionally, there is an implication in the petition that the trustee has some management powers since the petition alleges that the trustee is directed to pay out sums from the *interest and principal* during the lives of the beneficiaries. There is no allegation in the petition that the trustee does not have such management powers, nor should we make an inference to the contrary absent some factual allegation which controverts the statement regarding payments being made from interest and principal.

■ This court will not attempt to substitute its judgment for that of decedent as to whether the trust, as constituted, represents a good testamentary scheme. It is sufficient that some purpose be achieved by the trust, and there is no allegation here that the purpose of this trust is illegal or against the public policy.

■■ In view of all of this, the factual allegations on the face of the petition for termination of the trust do not support a cause of suit based on the proposition that the trust is passive rather than active. On the contrary, they appear to support the proposition that the trust is active, that is, that a valid purpose for the trust exists. So long as a valid purpose for the

trust exists, even a person holding the entire beneficial interest may not terminate the trust. *Closset et al v. Burtchaell et al.,* supra. Whether petitioners constitute all beneficiaries, not only of the life estates created by the trust but also of the remainder of the trust, is thus irrelevant under our analysis of the pleadings.

We hold that the allegations in the petition do not support a cause of suit and that the trial court erred in overruling a demurrer to the petition.

Reversed and remanded.

TANZER, J., dissenting.

I agree with the majority that the life estate and remainder interests cannot merge even though held by the same beneficiaries because the trust in this case is active. Termination of the trust, therefore, is not possible. It does not necessarily follow, however, that the petition failed to state cause for lesser relief and that the court below erred in overruling the personal representatives' demurrer.

Equity courts have a primary duty to effectuate the intent of the settlor and in order to do so they may modify the terms of a trust. *U.S. Nat. Bank v. First Nat. Bank,* 172 Or 683, 142 P2d 785, 143 P2d 909 (1943); Bogert, Trusts and Trustees, § 561, pp 129, 133 and § 994, p 435 (2d ed 1959). In determining the settlor's intent we should look to all of the provisions of the creating document. *In re Edwards' Estate,* 153 Or 696, 58 P2d 243 (1936); *Williams v. Morris,* 144 Or 620, 25 P2d 135 (1933). We do so here to the extent alleged in the petition.

The trust involved here directs that $600 per year

be paid from both the interest and principal to Rudolpho during his lifetime or until the assets of the trust are exhausted and then, on Rudolpho's death, to Marco for his lifetime or, again, until the assets are exhausted. This direction clearly contemplates that the yearly payment would be made at least partially from the corpus of the trust which, accordingly, would be used up over time. The direction that the principal is to be used shows a recognition that the assets could well be exhausted either during Rudolpho's lifetime or during Marco's. Finally, no successor beneficiaries are named.

The anticipation of interest reflects that the trustor intended that there be an investment of the corpus and a return of interest. The petition alleges that investment at 8 per cent would yield $2,000 per year whereas the trustee is only required to pay out $1,200 per year or, as we calculate it, at $50 per month, $600, plus a one-time payment of $2,000. The result would be an annual increase in the corpus, contrary to the trustor's contemplation that the beneficiaries be paid from principal as well as interest and that the corpus be exhausted.

This examination of the trust, in my opinion, indicates that Alfonso Melone intended that Rudolpho and Marco would enjoy the benefits of both the income and the principal over the course of their lifetimes and that the principal would be largely, if not completely, exhausted within that same period. The $600, then, was only meant to estimate an amount, the payment of which would result in the use of the principal being spread over the course of the two lifetimes. If the trust is not modified to increase the rate of payment, then Rudolpho and Marco will not enjoy substantially

all the benefits of both the income and principal and Alfonso's intent will be defeated.

I recognize that while equity courts have the power to modify trusts, that power is said to apply only to administrative, and not to dispositive provisions of the trust. Bogert, Trusts and Trustees, § 561, p 133 (2d ed 1959). Those two categories, however, are not discrete. They may well overlap, as they do here, and serve therefore as guides in the ultimate judicial task of effectuating the trustor's intent.

Ordinarily, the amount of periodic payments to a beneficiary is treated as a dispositive provision and will not be modified. Where, however, the intent of the trustor is that the beneficiaries will eventually receive the entire income and corpus, the amount of periodic payments to be made in the meantime is more accurately characterized as an administrative provision because it affects only the timing of the benefits and the rate of exhaustion of the corpus. If, in such a case, the periodic payments are too large or too small to effectuate the primary intent of the settlor, they can properly be modified by a court of equity. *See* Bogert, Trusts and Trustees, § 561, p 131 (2d ed 1959). Since Rudolpho and Marco, as the sole heirs of Alfonso, also hold vested remainder interests in the principal of the trust, this is precisely the situation presented in this case.

The petition stated adequate cause for modification and requested such relief as the court below believed equitable. The demurrer, therefore, was correctly overruled but the court then erred in terminating the trust. I would remand for proceedings consistent with this opinion.