## CLARENCE D. PHILLIPS, PERSONAL REPRESENTATIVE OF THE ESTATE OF ADA E. WARNER, DECEASED *v.* DEPARTMENT OF REVENUE

Jarvis B. Black, Phillips, Coughlin, Buell, Stoloff & Black, Portland, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered August 7, 1975.

CARLISLE B. ROBERTS, Judge.

Plaintiff appealed from the defendant's Order No. IH 74-9, dated October 10, 1974, which held that no inheritance tax credit could be allowed for a bequest to a "foreign corporation" in Washington "for the use and benefit" of a charitable organization in Washington. The interpretation of ORS 118.020 (1971 Replacement Part) is involved.

A deficiency of $26,796.77 was determined.

The pertinent facts have been stipulated. The testatrix was an inhabitant of the State of Oregon at the time of her death, March 17, 1973. The decedent's will provided that, after certain specific bequests, the rest, remainder and residue of her estate was to be divided equally among the Shriners Hospital for Crippled Children at Spokane, Washington; the Shriners Hospital for Crippled Children at Portland, Oregon; the Episcopal Church, Diocese of Oregon; Father Flanagan's Boys Town; and the Grand Chapter of Order of the Eastern Star of the State of Washington for the use and benefit of the Emma P. Chadwick Memorial Home Fund; and the Oregon Heart Association. The precise language of the disputed bequest is found in item Seventh E of the will and reads as follows:

"To GRAND CHAPTER OF ORDER OF THE EASTERN STAR of the State of Washington for the use and benefit of the EMMA P. CHADWICK MEMORIAL HOME FUND."

The Emma P. Chadwick Memorial Home is a corporation operating exclusively for charitable purposes under the laws of the State of Washington.

Other parts of the stipulation which are particularly pertinent are:

"5. The Order of the Eastern Star of the State of Washington is an unincorporated association in

the State of Washington and is not authorized to do business in the State of Oregon.

"6. The Order of the Eastern Star of the State of Washington does not hold or otherwise administer any funds payable to the Emma P. Chadwick Memorial Home Fund but simply endorses any checks or drafts it receives payable to the Eastern Star of the State of Washington for the use and benefit of the Emma P. Chadwick Memorial Home Fund directly to the Emma P. Chadwick Memorial Home Fund.

"7. The decedent's Last Will and Testament sets forth no duties to be performed by the Grand Chapter of the Order of the Eastern Star of the State of Washington in connection with the bequest to the Emma P. Chadwick Memorial Home Fund."

The applicable statute, ORS 118.020 (1971 Replacement Part),[1] provides:

"A credit shall be allowed against the tax provided by this chapter for the amount apportioned to devises, bequests, legacies and gifts, if made:

"(1) To any society, association or corporation within this state, organized and existing exclusively for religious, charitable, scientific, literary, or educational purposes and actually engaged in carrying out the objects and purposes for which so organized or existing; or

"(2) To a society, association or corporation to be organized exclusively for religious, charitable, scientific, literary, or educational purposes under the laws of this state pursuant to the terms of the instrument providing such devise, bequest, legacy or gift; or

"(3) To a corporation, person or persons or

---

[1] ORS 118.020 (1971 Replacement Part) amended ORS 118.020 (1969 Replacement Part). Unless otherwise specified, references herein to ORS 118.020 refer to the 1971 amendment.

association of persons within the State of Oregon in trust for religious, charitable, scientific, literary, or educational uses exclusively; or

"(4) To the State of Oregon or any political subdivision thereof; or

"(5) To any society, association or corporation operating exclusively for religious, charitable, scientific, literary, or educational purposes under the laws of or within a state or territory of the United States (other than Oregon)."

The defendant's Order No. IH 74-9 held that the tax credit under ORS 118.020 must be denied because, (1) although the beneficiary, the Emma P. Chadwick Memorial Home Fund, would have qualified as a charitable corporation operating within Washington had it been the direct recipient of the gift, as provided in ORS 118.020(5), (2) the specified trustee, the Order of the Eastern Star, is not a corporation within the State of Oregon, so ORS 118.020(3) is not applicable, and (3) ORS 118.020(5) provides only for a direct gift to the beneficiary, not a gift in trust.

Plaintiff argues that the credit is allowable under two approaches: (1) On the authority of *U.S. National Bank v. Straub*, 246 Or 61, 423 P2d 949 (1967), and (2) because the testamentary trust is a passive trust in respect to which the legal title to the trust *res* passed, or should be ordered by the court to pass, directly to the beneficiary.

Defendant has replied that (1) the provisions of ORS 118.020 (1969 Replacement Part), construed by the Oregon Supreme Court in the case of *U.S. National Bank v. Straub, supra,* were substantially amended by Or Laws 1971, ch 652, § 1, and the decision is no longer applicable, and (2) that the Statute of Uses is not clearly a part of the common law of Oregon; that it applied only to real property, in any

event; and that a passive trust is not terminated automatically.

If there had been no change in the statute following *U.S. National Bank v. Straub, supra,* it would be decisive in sustaining the plaintiff's contention. That case, also, was a dispute arising out of the residuary clause of a decedent's will under which property was bequeathed to the First National Bank of Oshkosh in trust for the Oshkosh Foundation, a charitable organization, the trustee being a national banking association organized and operating in Wisconsin and not itself a charitable organization. At that time, the ORS 118.020 found in the 1969 Replacement Part was in effect.

The fine thread of reasoning in the *Straub* case is not applicable to the language of ORS 118.020 as amended by Or Laws 1971, ch 652, § 1, and, consequently, that case cannot be decisive of the present question.[2]

The amended ORS 118.020 set up five categories of organizations to which testamentary gifts can be made and be exempt from inheritance taxation. These may be briefly described as: (1) Existing charitable societies within Oregon; (2) new charitable societies in Oregon, created under the terms of the subject will; (3) a corporation, person, persons or association of persons *in Oregon, in trust* for a charitable society; (4) the State of Oregon or any political subdivision thereof; and (5) "[t]o any society, association or cor-

---

[2] Defendant has alleged that testimony before a 1971 legislative committee, relating to the proposed Or Laws 1971, ch 652, § 1, indicates that the intent of the legislature was to supersede the rule of *U.S. National Bank v. Straub,* 246 Or 61, 423 P2d 949 (1967). The court has disregarded this argument. *See Murphy v. Nilsen,* 19 Or App 292, 296, 527 P2d 736, 738 (1974), quoted by this court in *Pratum Co-Op Warehouse v. Dept. of Rev.,* 6 OTR 130 (1975).

poration operating exclusively for religious, charitable, scientific, literary, or educational purposes under the laws of or within a state or territory of the United States (other than Oregon)."

■■ The defendant has followed the rule of statutory construction that, since the use of a trust for the benefit of Oregon charitable societies is specifically provided in subsection (3), and direct gifts are specifically provided for such societies in subsections (1) and (2), but provision is made only for direct gifts to charitable societies out of the state in subsection (5), without mention of a trust, any such out-of-state gift in trust must be subjected to taxation as having been excluded from the exemption statute. This follows the maxim, *expressio unius est exclusio alterius*. However, under the stipulated facts, neither court nor counsel find the matter to be that simple. They recognized that the maxim is a general rule of construction of statutes and is to be applied with caution and merely as an auxiliary rule to determine the legislative intention. *Cabell et al. v. Cottage Grove et al.*, 170 Or 256, 281, 130 P2d 1013, 1023, 144 ALR 286, 300 (1943). Simplicity is lost because we are dealing with a dry or passive trust. Indeed, in an area where the facts in the cases can vary in infinite degree, it is difficult to conceive of a better illustration of the wholly "dry" trust than is found here.

The creation of the trust in this instance and all its powers, duties and requirements are stated in a single sentence: "To GRAND CHAPTER OF ORDER OF THE EASTERN STAR of the State of Washington for the use and benefit of the EMMA P. CHADWICK MEMORIAL HOME FUND." It has been stipulated that the Order of the Eastern Star of the State of Washington does not hold or otherwise administer any funds payable to the Emma P. Chadwick Memorial Home Fund but simply endorses any checks or drafts

it receives payable to the Eastern Star of the State of Washington for the use and benefit of the Memorial Home directly to the Emma P. Chadwick Memorial Home Fund.

 A "simple" or "dry" trust is one in which no active duties are imposed upon the trustee. It is a general rule that where a trustee has no duties to perform, the purposes of the trust having been accomplished, it becomes a "simple, passive or dry trust," and the *cestui que trust* is entitled to have full legal title and control of the property. *See Lent v. Title & Trust Co.*, 137 Or 511, 519, 3 P2d 755, 757 (1931); *Closset et al. v. Burtchaell et al.*, 112 Or 585, 230 P 554 (1924); *Lee v. Melone*, 19 Or App 301, 527 P2d 414 (1974). If the trust *res* is real property, the dry or passive trust was executed by the Statute of Uses at common law, but the ancient statute did not apply to "trusts" of personal property. *Swoboda v. United States*, 258 F2d 848 (3d Cir 1958), 2 AFTR2d 5699; *Chicago Title & Trust Co. v. Mercantile T. & Sav. Bank*, 300 Ill App 329, 20 NE2d 992 (1939).

 The application of the Statute of Uses to personal property has been approved in some jurisdictions. *See Heath v. Heath*, 85 NH 419, 159 A 418 (1932) (a dissertation on the effect of changes in public policy as affecting the interpretation of laws), followed by *Bellows v. Page*, 88 NH 283, 188 A 12 (1936). In the latter case, the court held that personal property in a dry trust passed to the beneficiary under the Statute of Uses, no good reason being found to distinguish between real property and personal property in modern times, where the trustee has no duties, no discretionary powers, and no reason for existence.

The state of the law in Oregon is uncertain. In *Lambert v. Smith*, 9 Or 185 (1881), the court did not

declare whether the Statute of Uses was part of the common law of Oregon, but was able to find a basis in construction for ordering the transfer of legal title to real property from the trustee to the beneficiary, terminating the trust. In *Fogarty v. Hunter*, 83 Or 183, 162 P 964 (1917), the court found a "naked trust" of four acres of property and held that the beneficiary was entitled to a deed from the trustee.

Some courts have executed passive trusts in personal property. See *Nickson v. Filtrol Corporation*, 262 A2d 267 (Del Ch 1970); *Moxley v. Title Ins. & Trust Co.*, 27 Cal 2d 457, 165 P2d 15, 163 ALR 838 (1946); *Ball v. Mann*, 88 Cal App2d 695, 199 P2d 706 (1948).

It appears to this court that a trust, existing under the facts of this case, should be executed automatically or be executed upon an order of a court where the facts are undisputed that there is not the slightest discretion vested in the trustee and its duties, if any, are merely ministerial. In effect, there is no "trust." (This decision would not be applicable to an active trust.) As stated by Bogert, *Trusts and Trustees* (2d ed 1965), at § 206:

> "* * * [H]e [the trustor] must also impose upon the trustee sufficient duties to make the trust an active or special trust, as distinguished from a passive, bare, dry, naked, general trust, or a use. If the trust is to have permanence, * * * the terms of the trust must require the trustee to do some positive act, the performance of which by the trustee as such is necessary to carry out the purpose of the settlor."

And, again, at § 207:

> "* * * It is obvious that a trust declaration or a trust transfer 'to the use of' another, or 'in trust for' another, or 'for the benefit of' another, without naming any duties to be performed by the trustee

in working out the use or trust, creates a trust which is clearly passive and which is executed by a passage of the trustee's interest to the beneficiary who thereafter holds as absolute owner * * *." [At this point the author inserts footnote 18, citing cases involving sums of money which constituted the trust *res, inter alia.*]

The defendant's Notice of Proposed Inheritance Tax Deficiency, No. 198374, and its Order No. IH 74-9 are set aside and held for naught and the personal representative of the Estate of Ada E. Warner, deceased, in carrying out his duties under the provisions of item Seventh E of the last will and testament of the decedent, is required to make payments directly to the Emma P. Chadwick Memorial Home Fund.

Plaintiff is entitled to his costs and disbursements and reasonable attorney fees.