EDWIN BINNEY, 3d, PERSONAL
REPRESENTATIVE OF THE ESTATE OF
ELIZABETH PETERS BINNEY, DECEASED
*v.*
DEPARTMENT OF REVENUE

David K. McAdams, Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered May 10, 1977.

CARLISLE B. ROBERTS, Judge.

The personal representative of a decedent's estate has appealed from the Department of Revenue's Order No. IH 76-5, dated August 2, 1976, contesting an inheritance tax deficiency. Decedent died on July 17,

1973. The order denied the plaintiff an inheritance tax credit for certain charitable bequests upon the ground that ORS 118.020 (1971 Replacement Part) does not authorize a credit for a bequest to a foreign trustee for charitable purposes.

A concise statement of the case is taken from defendant's Answering Brief at 1:

"The decedent, Elizabeth Peters Binney, died testate in Massachusetts, owning property located in the State of Oregon. In her will, the decedent bequeathed a portion of her Oregon property to a charitable remainder unitrust (Elizabeth Peters Binney Revocable Trust) which she had created prior to her death. The National Shawmut Bank of Boston is trustee of the unitrust. Upon the death of the life tenant, decedent's son Edwin Binney III, the remainder interest of the unitrust will pass to the Elizabeth Peters Binney Charitable Foundation, also created by the decedent prior to her death. The National Shawmut Bank of Boston is the trustee of the foundation and is directed to hold, manage, invest, and reinvest the trust properties and to pay the net income from the trust property to or for the benefit of certain charitable organizations named by the decedent, including a number of churches, educational and other charitable organizations located in Oregon."

ORS 118.020 (1971 Replacement Part) provides that a credit shall be allowed against the tax imposed by ORS chapter 118 for the amount apportioned to devises, bequests, legacies and gifts, if (1) made directly to an established society, association or corporation within this state for religious, charitable and similar purposes; or (2) to such a society to be established within this state; or

"(3) To a corporation, person or persons or association of persons *within the State of Oregon in trust* for religious, charitable, scientific, literary, or educational uses exclusively; or

"* * * * *

"(5) To any society, association or corporation operating exclusively for religious, charitable, scientific, literary, or educational purposes under the laws of or within

[ 139 ]

a state or territory of the United States (other than Oregon)." (Emphasis supplied.)

Credit was denied by the Department of Revenue because the bequests to the unitrust and the foundation were to an out-of-state trustee and not directly to a specific religious, charitable or educational organization or in trust to a corporation, person or persons or association of persons within the State of Oregon for the benefit of religious, charitable or educational uses exclusively.

Plaintiff argues that the principle involved in the interpretation of the prior ORS 118.020 (found in Or Laws 1963, ch 135, § 1), in *U. S. National Bank v. Straub,* 246 Or 61, 423 P2d 949 (1967), should be followed; that both the unitrust and the charitable foundation are "conduit types of trust" and can therefore be disregarded; that the statute must contemplate only an "operative trust" as ground for denial of credit.

■■ The parties agree that during the lifetime of Edwin Binney III, the foreign trustee is a fiduciary with strict requirements to hold, manage, invest and reinvest the trust properties for the life tenant's benefit and then over to a second trust, as to which the foreign trustee is still the fiduciary. In neither instance is the trust the "dry" trust of the purest type which was found to be outside the statute in *Phillips, Pers. Rep. v. Dept. of Rev.,* 6 OTR 157 (1975). Plaintiff's categories of "conduit" and "operative" are not relevant to ORS 118.020. In the present case, the trustee has significant duties, requiring the exercise of discretion and judgment. The decedent's trust instruments and plan may meet all the requirements of good tax planning for federal tax purposes under IRC (1954), § 664, and Treas Reg § 1.664-1 et seq., but they appear to be drafted without reference to the credit provisions of ORS 118.020. A foreign trustee is named; the trustee has important, active, fiduciary duties to perform. The trust does not come within the credit provisions of ORS 118.020 (1971 Replacement Part).

The defendant's Order No. IH 76-5 and its Notice of Determination and Assessment of Inheritance Tax, No. 204230, are affirmed. No costs to either party.