BINNEY, *Appellant,*
*v.*
DEPARTMENT OF REVENUE, *Respondent.*
(TC 1101, SC 25324)
581 P2d 950

Ridgway K. Foley, Jr., Portland, argued the cause for appellant. With him on the briefs were Robert G. Simpson, David K. McAdams, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Theodore W. de Looze, Chief Tax Counsel, Salem.

Before Holman, Presiding Justice, Howell and Lent, Justices, and Richardson, Justice Pro Tempore.

HOWELL, J.

## HOWELL, J.

Plaintiff appeals from a decree of the Tax Court which disallowed a tax credit under ORS 118.020 against inheritance taxes imposed by the Department of Revenue. The facts have been stipulated.

The decedent, Elizabeth Peters Binney, died testate in Massachusetts in July, 1973. At the time of her death, she owned property in this state. Her son, Edwin Binney III, the plaintiff herein, is the personal representative in Oregon for the estate of the decedent.

Elizabeth Binney executed a will creating a charitable remainder trust.[1] The trust provided that 5 percent of the net fair market value of the trust estate, valued annually, would be paid to the life beneficiary, her son, Edwin Binney III. The National Shawmut Bank of Boston was made the trustee of the trust and given the power to manage and distribute the trust estate. Upon the death of the life beneficiary, the remainder interest would pass to a private foundation, created by Elizabeth Binney in 1961, called the Elizabeth Peters Binney Foundation. The stated purposes of the Foundation were charitable, and the Foundation was designed to have perpetual life. The National Shawmut Bank of Boston was also trustee for the Foundation and was directed to "hold, manage, invest and reinvest" the Foundation's property and pay the net income to or for the benefit of the various charitable organizations named by Elizabeth Binney, including a number of churches and charitable organizations in Oregon.

The Department of Revenue argued that a credit should not be allowed because the bequest in Elizabeth Binney's will was to an out-of-state trustee. The Tax Court held that while the statute, ORS 118.020, allows an inheritance tax credit for gifts made *directly* to

---

[1]The trust, called a "unitrust," qualified as a charitable remainder trust under § 664 of the Internal Revenue Code of 1954.

charitable organizations within the state or within another state and for indirect gifts to a donee (corporate or person) *in Oregon in trust* for charitable purposes, the statute did not allow the credit where the indirect gift is to a *foreign trustee in trust* for charitable purposes.

ORS 118.020, as it existed at the time of this controversy, provided as follows:[2]

"A credit shall be allowed against the tax provided by this chapter for the amount apportioned to devises, bequests, legacies and gifts, if made:

"(1) To any society, association or corporation within this state, organized and existing exclusively for religious, charitable, scientific, literary or educational purposes and actually engaged in carrying out the objects and purposes for which so organized or existing; or

"(2) To a society, association or corporation to be organized exclusively for religious, charitable, scientific, literary, or educational purposes under the laws of this state pursuant to the terms of the instrument providing such devise, bequest, legacy or gift; or

"(3) To a corporation, person or persons or association of persons within the State of Oregon in trust for religious, charitable, scientific, literary, or educational uses exclusively; or

"(4) To the State of Oregon or any political subdivision thereof; or

"(5) To any society, association or corporation operating exclusively for religious, charitable, scientific, literary, or educational purposes under the laws of or within a state or territory of the United States (other than Oregon)."

Plaintiff relies on a decision of this court in *U.S. National Bank v. Straub,* 246 Or 61, 423 P2d 949 (1967), which involved similar facts but arose under a

---

[2] ORS 118.020 has been changed twice since this case arose, once in 1973, Or Laws ch 793, § 1, and again in 1977, Or Laws, ch 666, § 3. The present language is significantly different than that applicable to the case at hand.

substantially different statute.[3] There the property was bequeathed to a bank trustee in Wisconsin in trust for the Oshkosh Foundation, which was a charitable organization. At that time, ORS 118.020 (1) (c) allowed an exemption for gifts "to a person or persons or association of persons in trust for benevolent, charitable, religious, scientific or educational uses within this state," and did not require that the trustee be "within the State of Oregon" as does the present statute. Subsection (2) of the former statute allowed the exemption for gifts "to any corporation, society, instititution, person or persons or association of per-

[3] In 1967, ORS 118.020 was as follows:

"(1) Devises, bequests, legacies and gifts are exempt from taxation under the provisions of ORS 118.005 to 118.840, if made:

"(a) To any benevolent, charitable, religious, scientific or educational institution, society, association or corporation organized and existing within this state and actually engaged in carrying out the objects and purposes for which so organized or existing; or

"(b) To a corporation, association or society to be organized for such purposes under the laws of this state pursuant to the terms of the instrument providing such devise, bequest, legacy or gift; or

"(c) To a person or persons or association of persons in trust for benevolent, charitable, religious, scientific or educational uses within this state; or

"(d) To the State of Oregon or any political subdivision thereof.

"(2) Devises, bequests, legacies or gifts to any corporation, society, institution, person or persons or association of persons for benevolent, charitable, religious, scientific or educational purposes, organized, existing or operating under the laws of or within a state or territory of the United States (other than Oregon), are exempt from taxation under the provisions of ORS 118.005 to 118.840.

"(a) If at the date of decedent's death the laws of such state or territory did not impose a death tax of any character in respect to property transferred to such a corporation, society, institution, person or persons or association of persons organized, existing or operating under the laws of or within this state; or

"(b) If at the date of decedent's death the laws of such state or territory contained a reciprocal provision under which devises, bequests, legacies or gifts to such a corporation, society, institution, person or persons or association of persons organized, existing or operating under the laws of or within another state or territory were exempted from death taxes of every character providing such other state or territory allowed a similar exemption to such a corporation, society, institution, person or persons or association of persons organized, existing or operating under the laws of other states or territories."

sons for * * * charitable * * * purposes, organized, existing or operating under the laws of or within a state or territory of the United States (other than Oregon) * * *."

This court found no valid reason for the legislature to make a distinction between gifts made directly to out-of-state charities and gifts made in trust for such charities to administer. We concluded that subsection (2) above must have been intended to include indirect gifts to foreign trustees for charitable purposes because the statute refers to gifts to "persons" for charitable purposes and it is impossible to have gifts to persons for charitable purposes, but such gifts can be to persons *in trust* for charitable purposes.

Subsequent to the *Straub* decision, the legislature amended ORS 118.020. Subsection (2) above was amended by eliminating any reference to "person or persons or association of persons" so as to allow a credit for direct gifts to a foreign "society, association or corporation" operating for charitable purposes. At the same time, the legislature amended section (1) (c) to require that a gift in trust must be made to a trustee *"within the State of Oregon"* and eliminated the requirement of "uses within this state."

■ Therefore, in order to qualify under the statute at issue in this case the gift must have been made (1) directly to an existing charitable society within Oregon; (2) new charitable societies to be organized in Oregon and created under the terms of the subject will; (3) indirect or in trust gifts to a trustee *within the State of Oregon;* (4) the State of Oregon or a political subdivision thereof, or (5) directly to a charitable society operating under the laws of another state.

■ As the gift in this case was made in trust to a trustee who was not within the state, it cannot qualify under (3) above, and as it was not a direct gift to a foreign charitable society, it cannot qualify under (5) above.

The plaintiff argues that the credit was intended to be allowed if the ultimate recipient of the gift is qualified under the statute and the intervening trustee has duties limited to the investment and disbursal of the funds. Plaintiff argues that the statute intends to distinguish between "conduit" type trusts and "operational" type trusts. He defines an operational trust as one where the trustee does the charitable acts that qualify the trust for the credit, and a conduit type trust as one where the trustee is active but performs none of the acts necessary to qualify for the charitable credit.

Plaintiff's discussion of conduit and operational trusts falls short of the mark. As previously discussed, a plain reading of the statute shows that a gift in trust to a foreign trustee does not qualify for the exemption and the statute makes no distinction as to the type of trust. The plaintiff's argument that the distinction created by statute between domestic and out-of-state trustees was unreasonable and unwise is an argument more properly addressed to the legislature.

In conclusion, we hold that ORS 118.020 as it existed in 1971 does not allow for a credit for indirect gifts to charitable organizations through out-of-state trustees.

Affirmed.