Argued February 8, affirmed May 15,
petition for rehearing denied June 6, 1979.

# BANK OF CALIFORNIA, *Appellant,*
## *v.*
# DEPARTMENT OF REVENUE, *Respondent.*
## (TC 1100, SC 25727)
### 594 P2d 1244

Borden F. Beck, Jr., Portland, argued the cause for appellant. With him on the briefs were Charles J. Strader, and Black, Helterline, Beck & Rappleyea, Portland.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General.

Before Denecke, Chief Justice, Holman,* Howell and Lent, Justices.

HOWELL, J.

* Holman, J., did not participate in this decision.

## HOWELL, J.

The plaintiff appeals from a decree of the Tax Court disallowing an inheritance tax credit.

The decedent, a resident of this state, died testate in January, 1972. His will appointed plaintiff as executor. After some individual bequests the testator, in paragraph "Fifth" of his will, left the remainder of his estate to plaintiff Bank of California, Portland, Oregon, "as trustee for the purpose of paying a life income from the earnings to my wife, Helen Wagenknecht." Paragraph "Sixth" of the will stated in part:

> "Upon the death of my wife, Helen Wagenknecht, I direct my executor to turn over to the LaSalle National Bank of LaSalle, Illinois, all of the common stocks owned by me at the time of my death and issued by the following companies or corporations: * * *, in trust, nevertheless, for the following uses and purposes, and subject to and under the direction as follows:

> "1. To have, hold, manage, care for and control the same, with full power in it to keep any and all such investments existing at the time of my death, or in its own sound judgment and discretion to sell, alter, vary and change the same at any time or times and from time to time and reinvestments make in such manner as it shall deem wise and expedient and for the best interest and advantage of the Trust Estate hereby created; nor shall it be confined in its choice of investments or reinvestments to such as are expressly authorized and sanctioned by the laws of the State of Illinois or elsewhere, as investments to be made by trustees; with like power in it to alter, vary and change such reinvestments at any time or times and from time to time and new investments make exactly as aforesaid, and so on from time to time.
> "* * * * *."

The will provided that the income from the LaSalle Bank trust was to be used as a scholarship for students from the LaSalle-Penn Township High School.

[429]

ORS 118.020(3) and (5), as it existed at the time involved herein,[1] stated:

"A credit shall be allowed against the tax provided by this chapter for the amount apportioned to devises, bequests, legacies and gifts, if made:

" * * * * *.

"(3) To a corporation, person or persons or association of persons *within the State of Oregon* in trust for religious, charitable, scientific, literary, or educational uses exclusively; or

" * * * * *.

"(5) To any society, association or corporation *operating exclusively for religious, charitable, scientific, literary, or educational purposes* under the laws of or within a state or territory of the United States (other than Oregon)." (Emphasis added.)

■ The plaintiff contends that it was entitled to the inheritance tax credit under subsection (3) above because at the time of decedent's death it became trustee of the remainder of the estate. Plaintiff also contends that in that capacity it was trustee and fiduciary for the charitable remainder under paragraph "Sixth" of the will. Plaintiff argues that as such trustee it had fiduciary duties to manage and protect the corpus of the estate not only for Helen's interest but also for the charitable remainder interest. We agree with plaintiff that it was a trustee of the corpus of the estate for Helen's benefit and that it had fiduciary duties to protect her interest and manage the estate for the ultimate benefit of the remainder as far as the ultimate gift of stock to the LaSalle Bank was concerned. However, that does not make plaintiff the sole trustee. Obviously, plaintiff was not the trustee for the charitable remainder because the decedent's will in paragraph "Sixth" appoints the LaSalle Bank as the trustee for the remainder and describes its duties. Not one but two trusts were created. More than one trust may be created by the same instrument, if that is the

---

[1] ORS 118.020 has been changed twice since this case arose. *See* 1973 Or Laws, ch 793, § 1; 1977 Or Laws ch 666, § 3. The present language differs significantly from the language we construe in this opinion.

testator's intent. *See Manufacturers Nat. Bank v. Woodward,* 138 Me 70, 21 A2d 705, 707 (1941); *Conley v. Johnson,* 101 Mont 376, 54 P2d 585, 589 (1936).

■ A trust may be created with an interest in one person for life and with a remainder over to another. A present interest is created in the remainderman but the enjoyment is deferred. *Allen v. Hendrick,* 104 Or 202, 226, 206 P 733 (1922). Here, the plaintiff was trustee for the life estate in Helen, but the LaSalle Bank was trustee for the charitable remainder. Plaintiff was directed to pay a life income to Helen and was also required to manage and preserve the common stock for the second trustee, the LaSalle Bank. On Helen's death, however, the LaSalle Bank was to assume its duties to manage the charitable remainder. Because the bequest to the LaSalle Bank was in trust to a corporation not within the state of Oregon, it cannot qualify for the credit under subsection (3) of ORS 118.020. *See Binney v. Dept. of Revenue,* 283 Or 175, 581 P2d 950 (1978).[2]

■ The plaintiff argues that in the event this court finds that La Salle Bank, and not plaintiff, was trustee for the charitable remainder interest, a credit nevertheless should be allowed under subsection (5) of ORS 118.020 because the LaSalle Bank would be operating exclusively for charitable purposes in administering the trust. The Tax Court found the LaSalle Bank to be a professional trustee authorized to carry out trust activities whether charitable or otherwise and therefore held that the bank was not the charitable corporation contemplated by the statutes.

In *Binney v. Dept. of Revenue, supra,* the gift, after the death of the life tenant, was to a bank in Boston, Massachusetts, as trustee for a charitable foundation. We held that the gift could not qualify under subsection (5) of ORS 118.020 because it was to the bank in

---

[2] We agree with the Tax Court that the transfers plaintiff has made under the charitable bequest while transfer of the assets to LaSalle Bank is pending have no bearing upon the interpretation to be given the will.

Boston in trust and the bank was not an out-of-state charitable corporation. Had the gift been made directly to the charitable foundation or to a charitable organization in trust for the foundation, the gift would have qualified for the inheritance tax credit. The same situation exists in the instant case, because the out-of-state bank in LaSalle is not a charitable organization.

Plaintiff maintains that while our discussion of ORS 118.020 in *Binney* may have been sufficient for purposes of that case, "the present case warrants a much closer look at both the wording of the statute and at its legislative history." Plaintiff then lists what it contends are "ambiguities and uncertainties" in the language of ORS 118.020 and cites legislative history that it contends "explains" those ambiguities.

■ Essentially, plaintiff contends that when the legislature amended ORS 118.020 in 1971,[3] it intended to preclude a tax credit for charitable trusts where the trustee is a nonresident person but to allow a credit where the trustee is a nonresident corporation. We have examined the claimed ambiguities in the statute and the legislative history cited to us by plaintiff, but do not believe they support the position taken by plaintiff. Although the legislative history does contain occasional references to "personal trusts," it is not at all clear that this phrase was intended to mean trusts naming a person as trustee. Even if it were, plaintiff has not pointed to any affirmative language in the legislative history to support a conclusion that the tax credit was intended to be available for "corporate trusts." Nor has plaintiff suggested any rationale for a legislative distinction between "personal" and "corporate" trusts.

Finally, and most importantly, we think that if the legislature had intended to distinguish between "personal" and "corporate" trusts in making a tax credit available, it would have enacted express statutory

---

[3] 1971 Or Laws ch 652, § 1.

language to that effect. ORS 118.020 does not contain such language. On the contrary, ORS 118.020(3) makes a credit available for a gift in trust to a corporation or person for charitable purposes, if that corporation or person is "within the State of Oregon." This indicates to us that a credit was not intended to be available for similar gifts to nonresident trustees. *See Binney v. Dept. of Rev., supra.*

The decision of the Tax Court is affirmed.